ALLEN BROWN *vs.* EUNICE TURNER, *widow and administratrix of Amos Turner,* deceased, *Harman Turner* and *Henry Turner.*

If a petition for partition do not contain a prayer for sale or assignment, the fact that the premises are not partible may be well pleaded in bar.

A sawmill, mill-yard, mill-pond and the utensils of such mill, are not proper subjects of partition.

*Dictum*—The Court will not, on petition for that purpose, order a sale, or assignment to one, of estate held in common, which is not partible, unless it appear that the petitioner is hindered or impeded in the enjoyment of his right, by the other tenants in common.

THIS was a petition for partition. The petitioner set forth in his petition, that he was seized in fee simple, as tenant in common, of certain real estate, situate in Pownal, bounded, &c. being the sawmill, sawmill-yard, sawmill-pond and the utensils belonging to said mill, known by the name of Brown's mill, (setting forth his title to two undivided third parts thereof) and that one Amos Turner, late of said Pownal, now deceased, was seized in his life-time of the other undivided third part of said estate, by virtue of a deed from one David Page, executed to the said Amos on the 14th day of January, A. D. 1800, and the same is now possessed by Eunice Turner, widow and administratrix of the said deceased, and Harman Turner and Henry Turner, heirs of said deceased, all of Pownal, aforesaid. And the said Allen Brown further shows, that he cannot possess, oc-

Bennington,
January,
1826.

Brown
vs.
Turner et al.

cupy and improve the said two third parts of said estate to any advantage, while the same lies in common, and undivided as aforesaid, but wholly loses the profit thereof: wherefore he prays that the said part may be set off and assigned to him in severalty, and your petitioner as in duty bound, will ever pray.

*First plea,* by Eunice Turner, administratrix, disclaiming title and possession.

*Second plea,* by Harman and Henry Turner, claiming exclusive right and title to six acres of the premises, being part of the mill-pond, which pleas were traversed, and issues joined to the country.

*Third plea.* And as to the rest and residue of the said premises, described in the plaintiff's said petition, the said defendants defend, plead and say, that as against them the defendants, the said Allen ought not to have partition of two third parts, or of any part or parcel of the said premises, in manner and form as in his said petition he hath prayed, because they say that the said premises are not partible; and they further in fact say, that since the decease of the said *Amos Turner,* they have occupied and improved the said sawmill and the appurtenances thereof, for and during one third part of the time, according to their right in the said mill and appurtenances, and for no more or longer time; and the defendants further in fact say, that during their said occupancy, they at all times occupied and improved the said premises, in a skilful, husbandlike and reasonable manner, and as and in the same manner former or other owners and occupants hitherto have been used, admitted and accustomed to use and occupy the same, and in no other way or manner whatever; and this they are ready to verify: wherefore they pray judgment if the said plaintiff ought not to be barred from having partition of the said premises.

To this plea the petitioner demurred, generally.

*Blackmer* and *Robinson,* in support of the demurrer, contended, that the plea was insufficient, because it did not controvert any of the facts set forth in the petition.

They also insisted that this was a case where partition might well be made, and cited *Stat.* 173, *ch.* 19, *sec.* 1--2.—*5 Mass. R.* 235, *Parker* vs. *Tucker.*—*9 Mass. R.* 35, *Porter* vs. *Hill.*

*Church,* for the defendants. Under the demurrer, the plaintiff's petition and the defendant's third plea are equally subjected to the scrutiny of the Court; and if the petition be defective, or the defendants' plea be good, judgment must be for the defendants.

*Eunice Turner,* as administratrix, cannot be made a proper party in a petition for a partition of the estate of her deceased husband.—*Stat. ch.* 19, *sec.* 1.

Every party to the petition in this case must have a freehold estate, and an actual tenancy or occupancy of the estate.—1 *Co. Lit. sec.* 167.—3 *Bac. Abr.* 213.

Partition lies only against the tenant of the freehold, except where partition is brought by tenants in common, for a term of years.—5 *Com. Dig.* 167, *a.*

~~~~~~~~

*Brown*
*vs.*
*Turner et al.*

It appears from the petitioners' own showing, that the administratrix in this case has no freehold or other estate in the premises, nor any tenancy or occupancy of them necessary to make her a party; the petition, therefore, is defective and bad.

The title stated in the petition must be such as to vest in the administratrix, a title in fee, or such that the law will cast the fee upon her.

The title stated by the petitioner, to be transmitted to and through Amos Turner, (deceased) does not vest a title in Eunice Turner as administratrix, or individually, nor does it vest in her any estate or interest that can constitute a joint tenancy or tenancy in common.

The title must be truly (though it may be generally) stated, and if not, the petition fails.—*5 Co. Dig.* 731, *Tit. Pleader.*

The statute regulating the settlement of testate and intestate estates, passed Nov. 18, 1821, page 50, sec. 55, does not give the administrator or executor any title in the lands or real estate of the deceased, but the title and right of possession vests in the heir, on the decease of the testator or intestate.

The statute only gives the executor or administrator a fiduciary interest or right, to keep the premises in repair out of the avails of the estate, and to deliver them over to the heir, when directed by the court of probate.—*ib.*

The power derived under the statute, does not vest in the representative any beneficial interest, and does not constitute the executor or administrator a tenant within the statute.—*Stat.* 172.

And the administratrix has no such interest in the land as entitles her to partition.—*2 Mass. R.* 478, *Nason* vs. *Willard.*

Nor could her right to dower, as widow of Amos Turner, deceased, give her a title or right to the possession of any part of the estate of her deceased husband, until the assignment of her dower, and then only to the part assigned.—*Cruise Dig.* 196—*Tit. Dower, ch. 4.*

Tenant in dower is not subject to partition.—*5 Johns. R.* 80, 82, *Bradshaw* vs. *Calloghan.*—*8 Johns. R.* 439-40, same vs. same, in error.

She is not seized of the estate of her husband, and cannot defend against a claim of title in it, unless to that part assigned as dower.—*9 Mass. R.* 13, *Sheaf* vs. *O'Neil.*

And this defect in the petition is reached by the demurrer, for it is incumbent on the plaintiff, correctly to state his title, and if he fail to do so, his petition fails.—*5 Com. Dig.* 731.—*3 Bac. Abr.* 213.—*Cro. Eliz.* 759-60, *Moar & Brown* vs. *Onslow.*

The judgment must be according to the plaint, (1 *Coke Lit.* 187 *a.*) and would necessarily be against all the defendants; and an entire judgment cannot be reversed as to a part, and affirmed as to the other part.

2. The petitioner has not stated and set forth in his petition, that he and the defendants are seized of, hold or possess the premises described, as tenants in common, which is necessary to

his right for partition. (*Sat.* 1 *vol.* 197, *sec.* 1.) He should have stated in his petition, that the petitioner and the defendants hold and possess the estate in common, and without such statement he shows no right to a partition.—1 *Co. Lit.* 167, *Tit. Parceners.*

He has not set forth the part or porperty in said premises, which the defendants or tenants in common with him are seized of.

3. The third plea of Harman and Henry Turner answers the material facts stated in the plaintiff's petition.

The statement of any matter or fact by the defendants in their plea, which has a tendency to show to the Court or jury, that partition of the premises ought not to be made, brings them within the statute, in point of substance and formality. The answer or objection to the petition shall be in writing, in the form of a plea.—*Stat.* 173, *ch.* 19, *sec.* 2.

The allegation that the premises are not partible, is supported by law; for actual partition would destroy the property, or render it useless, and that quality of the property ought to be stated and proved.—1 *Bac. Abr.* 446.

So the allegation in the defendants' plea, of the time, manner, and reasonableness of their occupancy of the premises, is believed to be a good answer to the statement of the petitioners, "that he could not possess, &c. the premises to advantage, while in common and undivided, but loses the profits thereof;" that part of the defendants' plea, if proved, directly controverts the petitioner's statement, and shows the petitioner is not injured, and sustains no loss of profits, by the tenancy in common. Injuries or inconveniences that arise from any other source, than the tenancy in common, can be no cause for partition.

The petitioner states a disadvantage or loss arising from the tenancy in common, a fact of a possessory nature, which the defendants controvert and do away, by pleading facts of the same nature, and which constitute a full answer to the petition, and are admitted by the demurrer.

The opinion of the Court was delivered by

Hutchinson J. The petitioner claims to be owner of two undivided third parts of a sawmill and utensils, and mill-yard and pond, &c. and shows in his petition how he derives title, to wit, by deeds from sundry persons, of the name of Pratt, and alleges that Amos Turner, the intestate, died seized of the other undivided third part, and that the three petitionees occupy the same. The fair import seems to be, that they occupy jointly. The petition concludes with appropriate averments, that he cannot use and occupy to advantage, and prays for a partition of the premises.

There are three pleas by the petitionees, on the two first of which issues are joined, and to the third there is a demurrer. This plea and demurrer present the only questions now to be decided. The substance of this third plea is, that the premises are not partible, and that the petitionees use and occupy by

turns with the petitioner, according to their right, that is, one third part of the time, and this as other and former owners have been accustomed to use said premises. It is unnecessary for the Court to be particular in disposing of some questions relating to the form of allegation in the petition and plea. The petition sufficiently states a claim for partition, if the premises are partible, and the plea states that they are not partible, and are used by turns, &c. according to right, and as accustomed to be used. This presents the real merits of the controversy, can there be a partition of a sawmill and mill-yard, and pond, and utensils for a sawmill, among different owners? Such a partition would destroy the whole. The using by turns, as the plea states the occupancy to be, is the only practicable mode in which such property can be occupied, and keep up at all the idea of several part-owners, unless there should be literally a joint possession, and the net profits be divided, as might be done by appointing a common receiver. This disposes of the whole case, for the only prayer is for partition. But if the prayer in the petition were ever so broad, if it included an assignment to one, or a sale of the whole, the Court would not deem it proper to make any such order, without different reasons from those which now appear. If the conduct of the petitionees were such, that the petitioner could not have and enjoy his turn in the occupancy of the premises, it would bear a different consideration. There is no such complaint, and the controversy is alleged in the plea, and confessed by the demurrer.

> The judgment of the Court is, that the plea in bar is sufficient.

*R. H. Blackmer, H. Hall* and *D. Robinson, jr.* for the petitioner.

*D. Church,* for the petitionees.