JOSHUA MUNROE *vs.* STEBBINS WALBRIDGE, EBENEZER WALBRIDGE, SAMUEL HOUSE, PAUL CORNELL and WILLIAM RICHARDS.

*It was held*—That one of several mortgagees of undivided interests in the same land, and who have never been in possession or foreclosed their mortgages, can sustain a petition for partition against the others; and that the mortgagor or his assignees, being in possession, have no right, as such, to oppose such partition.

THIS was a petition for partition of lands in *Bennington.* The defendants pleaded, That the petitioner had no title, &c. on which issue was joined. On the trial of this issue, by a jury, at the February term of this Court, 1823, the petitioner offered the following evidence, which was admitted.

1. *Moses Sage's* deed to *Joshua Munroe,* dated the 18th day of February, 1806, of one undivided equal fourth part of the premises; consideration, $1040.

The copy of a bond of defeasance, given the same day, conditioned, that on payment of said sum, on the 1st day of September, 1806, by Moses Sage, the obligee should re-convey.

2. Moses Sage's deed of mortgage to *Samuel House,* dated the 27th July, 1803, of one fourth part; consideration, $1200.

3. Moses Sage's deed of mortgage to *Cornell & Richards,* dated 29th January, 1808, of one undivided fifth part; consideration, $900.

4. Moses Sage's deed to *Moses Sage, Jr.* dated May 9, 1811, of the whole premises, for $5820.

5. Moses Sage Jr.'s quit-claim deed to *Ebenezer Walbridge,* dated May 6, 1814, for $600; and possession followed this deed.

6. Ebenezer Walbridge's deed to *Stebbins Walbridge*, of one half, and a mortgage back.

7. Ebenezer Walbridge's deed to *Gustavus Walbridge*, of the other half, and a mortgage back.

The Court decided that the petitioner, having the *right of a mortgagee* only, and never having been in the *actual possession* of the land, nor foreclosed his mortgage, could not sustain his petition for partition, the defendants being in possession adverse to the petitioner.

Whereupon the petitioner became non-suit, with leave to move to set aside the non-suit.

The cause then came before the Court, on a motion to set aside the non-suit, and for a new trial. This motion was argued at great length, last term, by *Robinson* and *Bennett*, for the petitioner, and by *Church* and *Langdon*, for the petitionees.

At the present term, HUTCHINSON, J. delivered the following opinion, in which ROYCE, Justice, concurred.

*Munroe* brought his writ of partition, and on trial, after testimony adduced or agreed on both sides, the Court expressed an opinion, in consequence of which a non-suit was entered; and a motion to set aside the non-suit was argued last term, and the Court not being perfectly agreed, it has lain for consideration till now.—And the opinion now to be given is that of a majority of the Court, Judge *Prentiss* inclining the other way.

The case allowed by the judges, states the testimony of title on which the decision was predicated at the jury trial. The plea is, that the petitioner had no title whatever in the premises. It would seem, that showing any title would support the issue on the part of Munroe. The title shown by him, and by all the petitionees except the three Walbridges, was that of mortgagees of Moses Sage, after condition broken. The title shown in the three Walbridges was under Moses Sage, the mortgagor, and of a later date than that of the mortgagees; and the case states that possession followed the deed from Sage to the Walbridges.

Upon such testimony, the Court decided that the petitioner had no right to a partition; and seem to have assigned as a reason, that he had never been in actual possession, nor foreclosed the equity of redemption; and also add, "the defendants being in adverse to the petitioner." This suggestion, that the defendants were in adverse to the petitioner, seems not supported by the facts stated. A mortgagor and those claiming under him, are never considered as holding adverse to the mortgagee or mortgagees, unless, by lapse of time and exclusive possession, without a call for the payment of principal or interest, a foundation is laid for the presumption, that the mortgagee's title is extinguished.

Two questions fairly arise in this case.

1st. Whether mortgagees have a right to a partition as among themselves?

*Bennington, February, 1827.*

*Munroe vs. Walbridge et. al.*

*Bennington,*
*February,*
*1827.*

Munroe
*vs.*
Walbridge
et. al.

2d. Have the mortgagors, as such, any right to interfere to prevent such partition, after failure to pay the mortgage money, and without paying it as the mode of interference?

In relation to the first point, it has been urged in argument, that mortgagees have only a chattel interest, and none have a right to a partition but tenants of the freehold.—And a distinction has been noticed between the right to a partition at common law, and one by the statutes of England. The cases in general that have been cited against the petitioner, or cases in which partition was refused, are tenancies less than freehold. If there should be a partition of lands occupied by tenants for years, it should be among the landlords; such tenants can have no interest in it. We think it no improper construction of our statute, to consider it broad enough to comprise all the cases in which a partition is allowed at common law, and by virtue of the English statutes. The language of our statute is, "that any person or persons having or holding, or who may hereafter have or hold, any lands, tenements or hereditaments, with others, as joint tenants, tenants in common, or coparceners, by petition," &c. This must include all who, by the nature of their title, ought to have partition.

What, then, is the title of mortgagees after condition broken? It is a conditional fee—a fee liable to be divested by payment of the mortgage money. They have a right to possession by statute; they can maintain ejectment against the mortgagor, or any claiming under him; they may be in actual possession. In such case there could not be much doubt of their right to partition. Just so if the premises are wholly vacant. They would then hold in law, or have legal seizin. They might be sure the lands never would be redeemed, and wish to take possession, but would rather possess in severalty: this they might do by agreement, should they be able to agree. If one would not agree, may not the others compel a partition? They should have power so to do. So, if they possess by a tenant or tenants.

What right, then, has the mortgagor to neglect or refuse to redeem, and yet interfere to oppose this partition? It is immaterial to him whether they possess in severalty or in common. He has no right to hold against them before redemption. And if they choose to be at the expense of a partition, it goes for nothing when he has redeemed. If they would foreclose the equity of redemption, they ought all to join in a bill for that purpose, if their debt be joint; but not so if they have several distinct mortgages for several debts, as in the present case. Those claiming a particular mortgage should pursue separately, whether before or after partition.

This petitioner has a right to maintain ejectment against the other mortgagees, to be let in as tenant in common with them; and there appears no good reason why he may not have partition and take his fourth part in severalty. It appears by the case that all the other mortgagees are willing for this, and for

aught appears, are wishing for it; and those who have no rights in common with them, have no right to oppose.

The non-suit must be set aside, and a new trial be granted.

Leave was given the defendants to alter their plea within three weeks, furnishing the petitioner with a copy.

PRENTISS, J. dissentiente.  He said, that to sustain the petition in this case, was indulging the mortgagees in a very useless proceeding----That he had made up his mind at the last term, that the non-suit ought not to be set aside, and he had seen no reason to alter his opinion.

SKINNER, Ch. J. having been of counsel, did not sit in the cause.

D. Robinson, Jr. and Milo L. Bennett, for the petitioner.

Daniel Church and C. Langdon, for the petitionees.