### MAJOR HAWLEY *v.* JOHN L. SOPER.

If a petition for partition be dismissed in the county court, and it appears, at the hearing in the supreme court, in any view of the case, although upon a ground not taken in the court below, that the plaintiff cannot legally sustain his petition, the judgment will be affirmed.

If the petitioner claims title to the premises, described in his petition, by virtue of the levy of an execution in his favor, it is no objection to his petition, that it bears date prior to the time when his right of possession accrued, as against his judgment debtor, if that right became perfect before the process was served.

It is not necessary, that the petitioner should be in actual possession of the premises, at the time of bringing his petition, provided he has not been disseised; and for this purpose a distinction is recognized between a mere possession of the plaintiff's share of the premises by a third person, or by the defendant, and a legal disseisin.

Where the petitioner claims title by virtue of a levy of execution, and it is shown that the judgment debtor, by deed executed prior to the levy, conveyed the premises to a third person, which deed the petitioner claims was void for fraud, and no evidence is offered, that the petitioner had taken actual possession of the premises, the court will not presume, that such third person was in actual possession, under his deed, adverse to the petitioner.

And if such deed is given in evidence by the defendant, in order to defeat the petitioner's right to sustain his petition, by showing that he had no title to the premises, the petitioner may show that such deed was fraudulent and void.

And it is not necessary that the grantee in such deed should be made a party to the petiton.

PETITION for partition. The defendant pleaded, that he was not tenant in common with the petitioner of the premises described in the petition. Trial by the court,—WILLIAMS, Ch. J., presiding.

On trial the petitioner gave in evidence the levy of an execution in his favor, against one John Soper, upon the premises described in the petition, which levy was made the eighteenth day of May, 1843, and also gave in evidence deeds, &c., showing a title in John Soper, previous to the levy, to an undivided half of the premises, the

Hawley *v.* Soper.

defendant being the owner of the other half. The petition was dated the seventeenth day of November, 1843, and was served upon the defendant the twenty first day of November. The defendant then gave in evidence a deed from John Soper to Nancy Soper, executed prior to the plaintiff's levy, and purporting to convey the interest of John Soper in the premises. The petitioner then offered to prove that this deed was executed without consideration and was fraudulent and void. To this evidence the defendant objected, and it was excluded by the court. Judgment for defendant. Exceptions by petitioner.

*Miner & Burton* for petitioner.

If the defendant, who is in no way interested in the question as to who shall own the other moiety of the premises with him, is allowed to show title in a third person in opposition to the plaintiff's claim, the plaintiff should be permitted to contest the validity of that title. The rights of Nancy Soper cannot be prejudiced by this trial, as she is not a party to the suit.

———— for defendant.

1. The case does not show, that the petitioner offered any evidence, tending to prove either a joint or any other possession on his part, or that he had ever exercised any act of ownership under his supposed title. Nor does the case directly state, who was in possession of the premises at the time of bringing this petition. But it is admitted in the petition, that John L. Soper is tenant in common of the premises, and the exceptions show, that the conveyance from John Soper to Nancy Soper was previous to the attachment. Hence it must be inferred, that Nancy Soper was in possession under her deed.

2. The conveyance from John Soper to Nancy Soper, previous to the attachment, must be a defence to this petition. Rev. St. c. 40, § 22.

3. This petition was brought before the interest, which the petitioner acquired under his levy, had become a right of possession, it being before the six months, allowed to the execution debtor to redeem, had expired. Rev. St., c. 42, §§ 21, 25.

4. The testimony offered to invalidate the deed to Nancy Soper

41

was correctly rejected. It was not pertinent to the issue. The petitioner alleged, that he was " *seized in fee and as tenant in common,*" *&c.,* as he must have done, by the statute. Rev. St. c. 40, § 1. The defendant's plea was, that they were not tenants in common. By the plea, then, this averment was traversed. The term " seized " means " possessed ;" and when averred in pleadings, it means " *seizin in fact.*" 9 Cow. 530. If, then, it appeared to the court below, that the petitioner was not entitled to a judgment on his own showing, that the petitioner's testimony did not support the petition, and that invalidating the deed would not accomplish that object, the court were correct in rejecting the testimony.

5. In this action it is necessary, that the petitioner should make himself a tenant in common, should show himself in possession, before he brings his petition ; Rev. St. c. 40, § 1 ; Co. Lit. 167 *a* ; 16 Vin., Tit. Partition, §§ 1, 10, 16 ; T 2, Y 5 ; 1 Swift's Dig. 103 ; 7 Mass. 475 ; 13 Pick. 251, 145 ; 9 Cow. 530 ; or prove in himself such an estate, as entitles him to the *immediate possession. Brownell* v. *Brownell,* 19 Wend. 367.

6. The testimony was properly rejected, for the reason that Nancy Soper is not a party to this suit, and consequently cannot be concluded by its proceedings. Hence the partition would be inoperative and nugatory. Rev. St. c. 40, §§ 3, 23. 20 Wend. 100.

The opinion of the court was delivered by

Royce, J. Some of the points now made in the defence have no connection with the question, on which the case turned in the court below. We are at liberty, nevertheless, to notice these additional grounds, because, if it appears, upon any view of the case, that the plaintiff cannot legally sustain his petition, it will follow, that the result of the trial was right, and the judgment should not be disturbed.

It is not a valid objection, that the petition bears date before the plaintiff's right of possession accrued as against John Soper, his judgment debtor. That right became perfect before the process was served. *Hall et al.* v. *Peck et al.,* 10 Vt. 478.

It is objected, that the plaintiff was not entitled to partition, without showing himself in actual possession with the defendant. And as the plaintiff rested his case upon the exhibition of paper title,

Hawley *v.* Soper.

and introduced no evidence of his actual possession, it should doubtless be taken, that he had no such possession. But actual possession is not essential in such a case, provided the party is not legally *disseised. Munroe* v. *Walbridge,* 2 Aik. 410. And for this purpose a distinction is recognized between a mere possession of the plaintiff's share by a third person, or by the defendant, and a legal disseisin. Such possession may often be treated *as* a disseisin, by the plaintiff's election, (as for the purpose of bringing ejectment,) when it is not conclusively so in contemplation of law. It would seem that even *adverse* possession, short of the period required to confer a title by the statute of limitations, does not always work such a disseisin, as will oust the right to apply for partition. The instances to this effect, however, are where a privity has existed between the parties as parceners, joint tenants, or tenants in common of the estate, and the possession is rendered adverse by the claims of one party, made in opposition to the ordinary presumption of law. In such a case the other party has been alloweed to consider himself as still seized, and to demand partition, notwithstanding such adverse claim and possession. ` Clapp` v. *Bromagham,* 9 Cowen 566. *Barnard* v. *Pope,* 14 Mass. 434. If, indeed, the party is effectually disseised, even by a co-tenant, he is then barred of this remedy, because they no longer hold the estate together. Co. Lit. 167. 5 Com. Dig. 166. 1 Sw. Dig. 103.

But it is claimed, that the court were bound to presume an actual possession taken and held by Nancy Soper, according to her deed. Between her and the plaintiff the relation of tenants in common never existed. And if this presumption ought to be made, it would follow, that her possession was presumptively adverse for the purposes of this case, and perhaps tantamount to a disseisin of the plaintiff. But we think there was no ground for making any presumption, as to actual possession under the deed, even supposing it to have been to every purpose a *bona fide* and valid conveyance ; and much less, when it is considered in connection with the evidence offered to prove it fraudulent. It is true, that, as the deed showed an apparent conveyance of John Soper's estate before the plaintiff's attachment and levy were made, it needed no possession under it to defeat the plaintiff's right, if the court were bound to give it the effect of a valid conveyancce as against him. But if it

was in fact a void conveyance in reference to the plaintiff, and if the court were at liberty so to regard it, it must have been followed by actual possession and claim of title by the grantee, in order to destroy the seisin which the plaintiff acquired by his levy. We do not decide, whether even such showing would necessarily produce that effect, as the case is not before us upon such a state of facts.

We now come to inquire, whether the plaintiff was entitled to prove the deed to Nancy Soper fraudulent and void as to him. Nothing is perceived in the nature of the inquiry to distinguish it from any other, which should have for its object to show the deed inoperative and void as a conveyance, whether in reference to all persons, or only as to the plaintiff and other creditors of the grantor. In neither case could a finding against the deed settle any right of Nancy Soper, because she was not a party to the suit, nor to be concluded by any judgment or proceedings in it. It was only as between the present parties, that the evidence offered could have effect, and as between them its admissibility was to be determined. The defendant had given the deed in evidence to support the issue which he had tendered ; and it was against him, and to support the issue on the part of the plaintiff, that the evidence to impeach the deed was offered. And if in this view the evidence was not admissible, it would follow, for aught we discover, that no objection could be taken against the deed, except for defects apparent upon it ; and that even proof of forgery should therefore be excluded. But we cannot regard the parties as standing on such unequal and singular ground, that one was entitled to avail himself of the deed in evidence, and the other restrained from all attempts to impeach it. It stands confessed, that, but for that deed, the plaintiff acquired the title of John Soper, and became tenant in common with the defendant. But if the deed was given and received in fraud of the plaintiff's right as a creditor, it was made void as against him by express statute. He was entitled to regard it as no deed. As such it could not operate in prejudice of any right, to which the plaintiff had entitled himself, either as against John Soper, or the defendant. Hence we consider that the deed was liable to be impeached for fraud, with a view to meet and obviate the defence ; and that the evidence offered for that purpose was improperly rejected.

I shall conclude with a brief notice of some farther objections to

Landgrove *v.* Pawlet.

the suit, which are taken with reference to certain provisions of the statute. These objections seem to imply, that Nancy Soper should have been a party defendant. And it is urged, that this proceeding cannot effect any final and conclusive partition of the estate, for the reason that she is not a party. I remark, in the first place, that such a petition can only go against those, who are admitted to hold a share of the estate. But the plaintiff does not admit that Nancy has any share or interest whatever. Between them there can be no tenancy in common, because one or the other is sole owner of all that is not owned by the defendant. In the next place,— that the suit comprehends, as parties, the alleged owners of the whole estate; and the possibility that another person may hereafter assert a claim to all or a portion of it would not, as a matter of course, affect the permanent and conclusive character of the partition within the meaning of the statute. *Munroe* v. *Walbridge*, before cited. It is sufficient, if the partition be final and conclusive between the parties, in regard to their relative interests, as established in the suit.

Judgment reversed, and cause remanded to the county court.