ELIJAH D. NICHOLS AND OTHERS *v.* MARIA NICHOLS AND
OTHERS.

*Petition for partition.    Delivery of deed.    Fraud.    Review.*

A petition for partition cannot be maintained by one whose only title is under a
deed by which the grantor, who is still living, reserves to himself the use and
occupation of the premises during his life.

It may be shown, for the purpose of preventing the operation and effect of a deed, in
the hands of the grantee named in it, that it never was lawfully delivered to him,
but that it was delivered as an escrow to a third person, and that he wrongfully
and without authority delivered it to the grantee.

A petition for partition is not a civil cause within the meaning of the statute allowing
reviews.   Comp. Stat. ch. 28 § 17, (but repealed by No. 51 of the law of 1855.)

PETITION FOR PARTITION of a certain farm in Fletcher.     Plea,
that the petitioners were not the owners of the undivided half of
said farm claimed by them, but that the same belonged to Dewey
Nichols; trial by jury, June Term, 1854,—POLAND. J., presiding.

The petitioners read in evidence, 1st, a deed from Dewey Nich-
ols to the petitioners, dated September 14, 1850, of one equal
undivided half of the farm in question, reserving the use and occu-
pation thereof during his own life, and the lives of his wife, and his
daughter Betsy; 2d, a copy of a deed from Dewey Nichols to
the petitioners, dated March 16, 1853, of the same premises covered
by the last deed, but without any reservation; 3d, a copy of a
deed from Dewey Nichols to the defendants of one undivided half
of the same farm, dated September 14, 1850.    It was admitted

that the said Dewey Nichols and his daughter Betsy were living. The defendants then offered to prove that the deed from Nichols to the petitioners, dated March 16, 1853, was never legally delivered to the petitioners, but that it was executed by the said Dewey, and delivered to a third person, as an escrow, and that it was wrongfully delivered by said third person to the petitioners, without lawful authority from said Dewey Nichols, and by them procured to be recorded. The petitioners objected to this evidence, but it was admitted by the court, to which the petitioners excepted. The court charged the jury, that the deed from Dewey Nichols to the petitioners, of September 14, 1850, did not convey to them such a title as would enable them to sustain a petition for partition, in the life time of Dewey Nichols, and to this charge the petitioners excepted. The jury returned a verdict in favor of the defendants, and, after judgment thereon, the petitioners moved for a review, which motion was overruled, and a review denied, to which ruling the petitioners also excepted.

*H. G. Edson* for the petitioners.

The petitioners, by virtue of the deed dated September 14, 1850, were holding real estate with the petitionees, as tenants in common, in the sense in which the word holding is used in the statute relating to the partition of real estate.

If this deed showed any title in the petitioners, it would support the issue on their part.

The evidence in relation to the deed from Dewey Nichols to the petitioners, dated March 16, 1853, was improperly admitted. This evidence is only admissible as between the immediate parties to the deed, and those interested or affected by it. The deed did not cover any portion of the premises conveyed previously to them, and they were not parties to this deed, and the deed did not affect their title ; neither would the partition affect their title or interest.

The court erred in overruling the motion for a review. By chap. 28th of the Compiled Statutes, either party, in any civil cause, originally brought to and tried in the county court, may once review his cause. This petition was brought originally in the county court, and is a civil cause within the meaning of the statute.

The legislature must be supposed to have made a legal and popular use of the word cause, which is defined to be " a suit or action in court: any legal process which a party institutes to obtain his demand, or by which he seeks his right or supposed right."

*A. O. Aldis* and *H. R. Beardsley* for the defendants.

The petitioners have no possession, or right of possession, till after the death of Dewey Nichols; and the petitioners and the defendants are not strictly tenants in common, there being no unity of possession.

Under our statute, they must be tenants in common to sustain their petition. To sustain a bill for partition the party must be in possession, or have the right of immediate possession. *Brownell* v. *Brownell*, 19 Wend. 365, and such was the old English law; 4 Kent 364.

A reversioner cannot sustain a bill for partition, except where, as in some states, they are specially authorized by statute ; 12 Pick. 374.

A petition for partition, is not a civil cause in which a review is allowed. It is, from its mode of trial, and from the nature of the relief sought, like account, book account and petitions in regard to highways, &c. &c., a peculiar statute remedy, not intended to be open to review.

The opinion of the court was delivered by

ISHAM, J. This is a petition for partition. The Comp. Stat. 300, § 1–2, provides, that " any person having or holding real estate with others, as joint tenants, tenants in common, or coparceners, may have partition thereof, in the manner therein provided." The petitioners are required to state in their petition, the title by which they hold the land, the names of the several owners, as far as known, and give a particular description of the premises. The title of the petitioners may be denied by plea, and an issue may be formed, so that the matter in controversy may be tried as in civil suits. In this case, the title of the petitioners to the land, as tenants in common, was denied by the plea. It became necessary, therefore, on the trial of the case before the jury, for the plaintiffs to establish their relation as tenants in common in order to entitle themselves to a partition of the premises.

It appears, from the case, that on the 14th of September, 1850, Dewey Nichols conveyed to the petitioners, an undivided half of the farm, of which the premises in question are parcel; and that the other undivided half was, by a separate conveyance, conveyed to the petitionees. But, in the conveyance of the undivided moiety to the petitioners, Dewey Nichols reserved to himself the use and occupancy of that portion of the farm during his own life, and that of his wife and daughter; and it appears that Dewey Nichols and his daughter are still living. The effect of those several conveyances was to vest in the petitionees a title in fee, as tenants in common to one half of the farm, with the right of its present and immediate possession; and to give to Dewey Nichols a life estate in the other half, with the right of possession during the lives of the persons for whose benefit that reservation was made. As between Dewey Nichols and the petitionees, a partition could probably be had. In 2 Lilly's Abg. 357, H., it is said, that "partition may be brought by tenant in fee of one moiety, against tenant for life of the other moiety;" Lutw 1018. Those parties have not a unity of title, but they have a unity of possession, and, therefore, are strictly tenants in common. The petitioners, under their deed, have no right to the possession, use or occupancy of the moiety conveyed to them, until after the determination of the particular estate which the grantor reserved to himself. They have neither the possession, nor the right of possession to any portion of the premises, during the life of either of the persons for whose benefit that reservation was made. Under these circumstances, we think that the charge of the court to the jury was correct, "that the deed of Dewey Nichols to the petitioners, of September 14, 1850, did not convey to them such a title, as would enable them to sustain a petition for partition, during the lifetime of Dewey Nichols." During the life of Dewey Nichols, the petitioners cannot be regarded as having a present estate, as tenants in common with the petitionees. There is no unity of possession between them, nor can there be, so long as the petitioners have no right of possession. That relation may exist on the decease of Dewey Nichols, and those for whom that reservation was made, but not until then.

It may not be necessary, in all cases, that a party have the actual occupation of the premises to entitle him to a partition, for

where the possession is not adverse, a constructive possession follows the legal title ; *Hawley* v. *Soper*, 18 Vt. 320. But the petitioners must show a legal title to the land, as tenants in common with the petitionees, and the right of immediate possession at the time of presenting the petition ; so that actual occupancy of the premises in severalty, can be had by the tenants, immediately on partition being made. In 4 Kent's Com. 380—note, it is said, that " it was the ancient doctrine, under the statutes of Henry VIII, " that no persons could be made parties to a writ of partition, or " be affected by it, but such as were entitled to the present posses- " sion of their share in severalty." In the case of *Burhans* v. *Burhans*, 2 Barb. ch. 398, it was held that " a party applying for a " partition of lands, must not only have a present estate in the " premises, as a joint tenant, or tenant in common, but he must " have also the actual or constructive possession of his undivided " share or interest in the premises." In *Brownell* v. *Brownell*, 19 Wend. 367, it was held that " proceedings in partition, under the " statute, can be instituted only by a party who has an estate " entitling him to immediate possession." The same rule was recognized in New Jersey, in *Stevens* v. *Enders*, 1 Green 271, and in Connecticut, in the case of *Culver* v. *Culver*, 2 Root 278, where a widow was seized of a life estate, with a remainder to those persons who were parties to the proceeding, for partition. The court observed, that " it will be time enough for them to have partition " of the lands, when they shall have the possession and title." In *Packard* v. *Packard*, 16 Pick. 191, the same rule was recognized, that a petition for partition could not be sustained when the parties had only a reversionary interest, and not a vested estate in possession. *Barnard* v. *Pope*, 14 Mass. 434. *Hodgkinson et al*, 12 Pick. 374. The same doctrine is held in Pennsylvania, *Zeigler* v. *Grim*, 6 Watts 106, and in the case of *Brown* v. *Brown*, 8 N. H. 93, where it was held that " a petition for partition cannot be main- " tained by one who has only an interest in a reversion or remain- " der, after a life estate." The reason upon which that doctrine is founded is obvious. In 2 Lilly's Abg. 356, E., the rule is given, that " a partition of lands ought to be made according to the quality " and the true value of the lands, and not according to the quantity " or number of acres." If a just and equitable partition of these

premises were now to be made, that partition may be unjust and unequal, when, upon the decease of Dewey Nichols, these parties have a vested estate in possession. For that reason, we think, this petition cannot now be sustained.

The evidence offered in relation to the deed of March 16, 1853, was, manifestly, properly received. That deed, without that evidence, would have given to the petitioners a present estate in fee, as tenants in common with the petitionees. The effect of the evidence offered, was to defeat the title of the petitioners under it. The title of the petitioners to this land, was then left to stand on the deed of Dewey Nichols, of September 14, 1850, which we have considered as not giving to the petitioners that title and right of possession, which entitles them to a partition of these premises.

We are satisfied, also, that the court were correct in deciding that, under our statute, this case could not be reviewed. The right of review, with few exceptions, is given by statute in all civil causes. The words "civil causes" have reference only to those suits or actions, which are commenced and prosecuted according to the course of the common law. That was obviously the meaning of the court in the case of *Borden* v. *Brown*, 7 Mass. 93, in which they observed, that "reviews are provided for only when the original action is commenced by writ." In that case a review was denied on a petition for partition of lands. At common law, no proceedings could be had to compel a partition, as between joint tenants, or tenants in common, for those estates were created by the act of the parties. The statute authorizes this proceeding, and directs the mode of procedure in making partition. The same reasons for not allowing a review in actions on book, in the action of account, or declarations for betterments, and various other cases of similar character, exist in this case. It is a statutory proceeding, and not a civil cause prosecuted according to the course of common law.

The result is that the judgment of the county court must be affirmed.