GEORGE P. BALDWIN *v.* RICHARD R. ALDRICH.

*Partition.   License.*

If a petition for partition of real estate prays not only for partition, but also, in case the premises are found not divisible, for assignment or sale thereof, in accordance with the statute, a plea that the premises are not partible is not sufficient.

When real estate held in common cannot be divided without great inconvenience to the parties interested, the fact that the plaintiff is not hindered in the enjoyment of his share of the rents and profits of the premises, furnishes no ground why the court, upon a proper petition to that effect, should refuse to order an assignment of the whole to one of the parties, or a sale for the benefit of all of them, in accordance with the statute.

The *dictum* of HUTCHINSON, J., in *Brown* v. *Turner et al.*, 1 Aiken 350, on this point considered and disapproved.

If on trial of a petition for partition it appears that the parties are tenants in common of only a part of the premises described in the petition, the court will proceed to make partition, assignment or sale, as the case may require, of that part.

So also, if one of the parties being a tenant in common in fee of the premises with the others, has in addition a license exclusively to use a portion of them for a particular purpose, and so long as certain structures thereon endure, this fact furnishes no reason why partition, assignment or sale, in accordance with the statute of partition should not be made of so much of the premises as are not covered by such license.

But partition will not be made of the revisionary interest in the premises covered by the license.

Baldwin *v.* Aldrich.

The owner of premises consisting of a saw mill, grist mill, water privilege and lands adjacent, conveyed to A. in fee an undivided half thereof. The deed, after the description of the premises, contained the following words: "with the right to said A. to put in a mechanics' shop and planing mill between the saw mill and grist mill, and also to take water from the flume for the same, so as not to injure or interfere with the use of the water for the said mills or either of them, or such machinery as may be substituted for them." *Held*, that by this deed A. took, in addition to his undivided half interest in the whole premises, only a *license* to erect such buildings and occupy them, and use water for them, as above named, and that such license expired with the decay of the buildings.

PETITION FOR PARTITION. The petition set forth that the plaintiff and defendant were tenants in common of certain real estate in Bradford, which was described in the petition; that they owned each one equal undivided half thereof; and that the parties could not agree on the division of the same, and the petitioner prayed the court to appoint commissioners so examine and order partition of the same, or in case the premises should be deemed indivisible, to award accordingly as provided by the statute in such cases.

The defendant pleaded, first, that the premises were not partible; secondly, that the parties were not joint owners of any undivided interest in the premises, but that included in the premises was a lot of land upon which stood a mechanics' shop, with a water privilege thereto belonging, in which lot, shop and water privilege the parties had no interest either jointly or in common, but that the same belonged solely to the defendant; and thirdly, that of a portion of the premises the parties were equal tenants in common, which portion consisted of a· saw mill and appurtenances, which for several years had been rented, and still so continued, to certain tenants selected by the plaintiff, who paid to each of the parties an equal share of the rents, in accordance with a subsisting agreement between the plaintiff and defendant; and that the premises had been and still continued to be occupied by said tenants in a husbandlike and skillful manner, and in no way to the injury of either of the parties.

The plaintiff demurred to the first and third pleas, and a trial was had on the demurrer, at the June term, 1860, in Orange County, BARRETT, J., presiding. The county court held the pleas insufficient, to which the defendant excepted.

Baldwin v. Aldrich.

To the second plea the plaintiff replied, that the defendant did not own any part of the premises in severalty, but had merely a temporary right to erect a machine shop and planing mill on a certain portion thereof, and that subject to this temporary right of the plaintiff the parties were tenants in common of the premises. The defendant joined issue upon this replication, and the cause was tried by the court thereon at the January term, 1861, PECK, J., presiding.

It appeared that the plaintiff and Benjamin P. Baldwin being the owners of the premises described in the petition, and also of a grist mill adjoining, conveyed one undivided half thereof to the defendant. This deed, after the description of the land conveyed, contained the following words : " with the right to said Aldrich to put in a mechanics' shop and planing mill between the saw mill and grist mill, and also to take water from the flume for the same, so as not to injure or interfere with the use of the water for the said mills, or either of them, or such machinery as may be substituted for them." The saw mill, gristmill, and the land between them, as well as the whole water privilege for all the buildings on the premises, were included within the description of the land of which an undivided half was conveyed to the defendant by the above mentioned deed. Afterwards, and before the bringing of this petition, Benjamin P. Baldwin conveyed all his interest in the premises to the plaintiff, and the defendant, under the above recited privilege in the deed to him, erected upon the land between the saw and grist mills a machine shop, costing from two to four thousand dollars, and was at the time of trial in the exclusive occupation of the same. The machinery of this shop was carried by water supplied from the same flume which conveyed water to the saw and grist mills. The plaintiff and defendant had conveyed the grist mill to other parties previous to the commencement of this action.

Upon these facts the county court dismissed the petition, to which the plaintiff excepted.

*Roswell Farnham* and *Abel Underwood*, for the plaintiff.

*R. McK. Ormsby* and *Peck & Colby*, for the defendant.

Baldwin *v.* Aldrich.

ALDIS, J.   I.   The first and third pleas are demurred to.

The first plea states the premises are not partible. The peti-tion prays, first, for partition, and, second, if not partible, that the premises may be assigned or sold pursuant to the statute. Hence a plea merely that they are not partible is no sufficient defence to the petition. The third plea states that the petitioner has not been hindered in his enjoyment of his share of the prem-ises. Is that a good defence? The plea is drawn upon the basis and after the form in 1 Aikens.

In *Brown* v. *Turner et al.*, 1 Aik. 350, the petitioner prayed for a partition of a saw mill, mill yard and pond. The court held the premises were not partible. HUTCHINSON, J., then pro-ceeded to say, " This disposes of the whole case, for the only prayer is for partition. But if the prayer in the petition were for an assignment to one, or a sale of the whole, the court would not deem it proper to make any such order without different reasons from those which now appear. If the conduct of the petitioners were such that the petitioner could not enjoy his turn in the occupation of the premises, it would bear a different con-sideration."

All of the opinion that bears upon any controverted point in this case is clearly mere "*dictum.*" If Judge Hutchinson's opinion extended to this—that when property held in common could not be divided without great inconvenience to the parties interested, the court should refuse to make an order for assign-ment or sale pursuant to the statute, unless the petitioner could prove that he was hindered in the enjoyment of his share, we think the position untenable. There is nothing in the statute thus limiting or abridging the right of the petitioner or the power of the court. The first section of the statute provides that " any person holding real estate with others as joint ten-ants, tenants in common or co-parceners may have partition." The fourteenth section says, " when it shall appear to the court that such real estate, or any portion of it, cannot be divided without great inconvenience to the parties interested, they may order the same to be assigned to one of the parties," &c.; and section fifteen, " if no one of the parties will consent to take the assignment, the court shall order the commissioners to sell it at

35

public or private sale," &c. Hence by statute on account of "the great inconvenience to the parties" of partition, assignment to one with his consent at an appraised price is first substituted; and if no one will consent, then sale and a division of the proceeds come next. There is nothing to indicate that assignment and sale do not stand upon the same ground of common law right as partition;—or that they are to be put upon the narrow ground of proof of injury to the possessory right of the tenant. Nor is there, as we can see, any reason why such dis_ tinction should be made between property partible and not parti ble. If the tenant in common of a farm is always allowed by his co-tenant to have his turn in the occupancy, why has he any greater right to partition than the owner of a saw mill enjoying his share in a like manner has to a division by assignment or sale. Both seem to us to stand in the common law right, and to seek the same end for the same reasons, through proceedings necessarily dissimilar in their progress but arriving at the same result.

II. The second plea alleges that the plaintiff and defendant are not joint owners of the premises; but that the defendant owns a mechanics' shop and water privilege standing on a portion of the premises described in the petition, and has the whole title and interest in the same, and claims that the deed from B. P. and G. P. Baldwin to him set forth in the petition shows such his title. The plaintiff replies, setting forth his title under the same deed, and insists they are tenants in common, and so issue is joined;—upon this a trial was had by the court.

The Baldwins being the sole owners of the premises, conveyed one-half of the premises to the defendant. If the deed stopped here, the plaintiff and defendant, it is admitted, would be tenants in common of the whole. But in the deed, after granting one-half to the defendant, there is this further clause: " With the right to said Aldrich to put in a mechanics' shop and planing mill between the saw mill and gristmill, and to take water from the flume for the same, so as not to interfere with the use of the water for the saw and grist mills, or such machinery as may be substituted for them." The defendant has built the mechanics' shop on the land, and has been and is in the exclu-

sive occupation of it. Has he a fee, or an easement, or only a temporary right by license ?

We think it must be regarded merely as a *license.* Had the parties intended to pass the. fee they would have executed a deed in the usual form of the land intended to be conveyed. So the limiting the use to a mechanics' shop and planing mill indicates the intent to grant the use for a temporary purpose, but not to pass the fee. So the words, " with the right to said Aldrich," not, to him his heirs or assigns, show the like intent. We think it passes a right to erect and exclusively use the shop and planing mill while they last but that the right expires with the decay of the structure. *Hale* v. *Chaffee,* 13 Vt. 150 ; *LeFevre* v. *LeFevre,* 14 S. & R. 241 ; 17 S. & R. 383.

The plan of the premises and the exceptions show that the plaintiff and defendant are tenants in common of the saw mill and mill yard, and that the mechanics' shop covers but a very small portion of the premises. The defendant claims that his right to the shop and its exclusive possession defeats the plaintiff's right to a partition, not only of the shop and land covered by it, but also of *the remainder* of the premises—that the plaintiff must prove a joint interest in *the whole* of the premises described in his petition, in order to have judgment for partition.

We think the seventh section of the chapter on partition was intended to relieve the plaintiff from such strictness of proof and to enable him to have a severance of the joint interest according to his right, though his interest is not correctly described in his petition. The words are, " if the petitioner holds a less share than he claimed in his petition, judgment shall be rendered that partition be made according to the title of the respective owners." It would, we think, be narrowing the meaning of the act to construe the word *share* to apply only to undivided interests and not to superficial area. A party who declares for an interest in fifty acres, and proves an interest in only twenty-five, may as well have division of the twenty-five, as he, who declares for an undivided half of fifty acres, and proves that he owns but a third, or that his third extends only to twenty-five acres, may have a division of such "less share." Such

too the cases show has been the practice under the act. See *Howe* v. *Blanden*, 21 Vt. 315. The petitioners therefore are entitled to partition, or to assignment or sale of all of the premises described in the petition, except so much as the defendant has the exclusive possession of, by his mechanics' shop and the use thereof.

As to the reversionary interest which the plaintiff and defendant jointly own in the land on which the shop stands, we think the plaintiff is not entitled to partition.

It was decided in *Nichols et al.* v. *Nichols et al.*, 28 Vt. 228, that the joint owners of the reversion of a farm in which a third party had a life estate, could not have partition. This was put upon the ground that the petitioners had no possession or right of immediate possession, and could have no possession till the termination of the life estate. The reason given is that a just division, made during the existence of a life estate, might become an unequal one when the parties came to the possession of their land. The opinion of JUDGE ISHAM is so full on this point, and his review of the authorities is so complete, that we need but refer to that decision. We think it applies to this case.

Judgment is therefore reversed, and the case remanded to the county court for the appointment of commissioners to make assignment or sale of all the premises described in the petition, except so much thereof as is exclusively occupied by the defendant by his mechanics' shop, and for the use of the same.