Parker, C. J.
The petitioner’s title to the proportion set forth in his petition is admitted ; and he is entitled to judgment for partition, unless, for one of the causes alleged in the motion for a new trial, the verdict was wrong.
The respondent, who holds one moiety of the land derivatively from William, Barnard, the brother of the petitioner, and the other moiety under the deed of his five sisters, offered to prove the declarations of the petitioner, that he had conveyed his share to his brother William; and the evidence so offered was rejected. * It not appearing by the report, when and where these declarations were made, or. to whom, we cannot presume they were made under such circumstances as would prove fraud on the part of the petitioner, like the cases where a first mortgagee or lessee has been postponed in favor of a second in chancery. If it appeared that, when William Barnard conveyed to Peck, the petitioner stood by, knowing that his brother was about conveying a moiety, and had declared that he had conveyed his share to him, the case would be analogous to those alluded to, and would deserve serious inquiry whether so manifest a fraud must prevail in a court of law.
But the declarations offered to be proved might, for aught which appears in the report, have been made long after the conveyance to *373 Peck, and even to the respondent, so as not to have influenced the purchase; and in that case, it cannot be supposed for a moment that verbal declarations could operate to defeat a title otherwise unquestioned.
If the question had been relative to the. existence of a deed supposed to be lost, or if the circumstances had been such as to justify a presumption by the jury that a grant had been made, declarations of the nature suggested might have been suitable evidence. But no circumstances warranting such an inquiry appear in the case; and if they do exist, some other mode of relief must be sought; for we must decide upon the facts only which are reported by the judge.
The other point, relied upon in support of the motion for a new trial, is the supposed want of actual seisin in the petitioner; and the case of Bonner & Al. vs. The Proprietors of the Kennebeck Purchase is thought to be decisive against the petitioner’s claim.
In the very brief report of that case, it is stated, in general terms, that actual seisin is necessary in order to maintain this statute process for partition. We apprehend that this general proposition ought to be qualified by a reference to the facts to which it was applied. * It appeared in that case that the share claimed by the petitioner had been, more than forty years before, sold by the proprietors, by virtue of the authority given them by the statute, for non-payment of taxes ; and that, during the whole of that period, it had been occupied under that sale; so that the seisin was not only out of the petitioner, but also out of the proprietors, and the right of entry was lost to them both. Under such circumstances, there was nothing to make partition of. The petitioners were not interested in common with the respondents, or any other person ; and if their share had been unjustly or irregularly transferred, their remedy was against the proprietors, who had caused the mischief.
We think it cannot be inferred from that decision that an actual corporeal seisin is necessary, to enable a tenant in common to maintain this process. If it were so, this beneficial remedy would be much restricted in its operation ; and it would always be in the power of one tenant, by ousting his co-tenant, to drive him to a writ of entry; which it certainly was not the intention of the legislature or of the court to lo.
It is true that, by the common law and the English statutes, the writ of partition cannot be maintained by one tenant in common, who is disseised; not even if the disseisin be by the co-tenant. (4) *374 But every dispossession does not amount to a disseisin, especially of tenants in common. For the possession of one is the possession of all, unless by an actual ouster, or an exclusive pernancy of the profits against the will of the others, one shall manifest an intention to hold the land by wrong, rather than by the common title. But without such overt acts, or a sole and exclusive possession for more than twenty years, so that the right of entry shall be gone, a disseisin is not to be presumed. All the tenants in common may therefore be actually seised, in the sense in which those terms are used in the case before referred to; and we think this is the sense in which the court applied them; for the facts in that case required it.
* In the case at bar, there had been a sole possession by the respondent of the whole land, under a supposed title, only for ten years. There has been no actual ouster, nor any refusal to account for the rents or profits. The right of entry remained, at the time of filing the petition; and, under these circumstances, we are clear that there is a sufficient seisin to maintain the process.

Judgment on the verdict

 Co. Lit. 167, a.