#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF ROCKINGHAM, MARCH TERM,

### A. D. 1833.

---

## T. H. MILLER and J. PICKERING and wife, *versus* MARK DENNETT, et a.

In order to sustain a petition for partition it is not necessary that the petitioner should be in the actual possession of the land.

The statute of June 21, 1809, directing how joint tenancies shall be created, is not, when applied to conveyances made before the passing of the act, a retrospective law, for the decision of a civil cause, within the meaning of the constitution, nor a law impairing the obligation of a contract.

THIS was a petition for partition, in which the petitioners alleged, that T. H. Miller was seized of one undivided fourth part, and J. Pickering and wife, in her right, of another fourth part undivided, of certain lands

in Newington, as tenants in common, with persons to them unknown, and they prayed that partition might be made.

The cause was submitted to the decision of the court, upon the following facts.

Benjamin Miller, being seized of the lands described in the petition in this case, on the 4th September, 1795, by deed, of that date, in consideration of $220, paid to him by John Miller and William Miller, conveyed " unto the said John and William, their heirs and assigns forever," the same lands, " to have and to hold the said granted premises, to them the said John and William, their heirs and assigns." The said John and William thereupon entered, and continued in possession of the lands, until July 10, 1813, when the said John died, leaving T. H. Miller and J. Pickering's wife, his heirs at law. John Miller's estate was administered in the insolvent course, and the petitioners have never been in possession of the lands.

The respondents have all the estate of William Miller.

*Goodrich*, for the respondents. The petitioners, in this case, have not pursued the proper course to obtain their rights, even if they have any. They ought to have brought a writ of entry, and obtained possession. Partition can be made in this summary manner, only where the parties have actual seizin and possession. 7 Mass. Rep. 475, *Bonner* v. *The Proprietors of the Kennebeck Purchase*.

But the conveyance, under which both parties claim, from Benjamin Miller to John Miller and William Miller, according to the law in force at the time, created an estate of joint tenancy ; and William Miller, under whom the respondents claim, upon the death of John, became seized of the whole, as survivor, and the petitioners have nothing in the lands.

We are aware, that the statute of June 21, 1809, has attempted to change this joint tenancy into a tenancy in

common. But we shall contend, that this statute, so far as it attempts to operate upon conveyances, which had been made prior to its passage, is repugnant to that clause in the constitution of this state, which declares that retrospective laws are highly injurious, oppressive and unjust—is a law impairing the obligation of contracts, and repugnant to the constitution of the United States,—and is, in fact, an exercise of judicial power, which the legislature are prohibited from exercising by the 37th article in the bill of rights.

That this statute is, in relation to conveyances in existence at the time of its passage, a retrospective law, prohibited by the constitution, seems to us a self-evident proposition. The glaring inconsistency between the statute and the constitution, will be seen at once, by reading this article in the constitution, as a part of the statute. It would then read, " all conveyances which have been, or shall be made, which, by the common law, would be considered as joint tenancies, shall be held as tenancies in common, provided that this act shall not have a retrospective operation." Had this been the phraseology of the statute we should never have heard of this suit.

It is a principle in the English common law, as ancient as the law itself, that a statute, even of its omnipotent parliament, is not to have a retrospective effect. " *Nova constitutio futuris formam imponere debet, non præteritis.*" Bracton, 228 ; 2 Inst. 292 ; 2 Mod. Rep. 310, *Gilmore* v. *Shuter* ; 4 Burr. 2460, *Couch* v. *Jeffries.*

The nature, effect, and operation of retrospective laws have been discussed and settled, and their injustice denounced, in various cases in this country. 2 Gallison, 139, *The Society* v. *Wheeler* ; 3 Dallas, 388, *Calder* v. *Bull* ; 6 Johns. 101, *Beadleston* v. *Sprague* ; 3 N. H. Rep. 473, *Woart* v. *Winnick* ; 4 ditto, 19, *Dow* v. *Norris* ; 1 Kent's Com. 426 ; 7 Johns. 477.

In the next place, to apply this statute to the convey-

Miller et a.
v.
Dennett et a.

ance now under consideration would be to give it the effect of impairing the obligations of a contract, in violation of the constitution of the United States.

The conveyance, in this case, is what the books denominate an executed contract, and is as clearly protected by the constitution as an executory contract. 6 Cranch, 137, *Fletcher* v. *Peck* ; 4 Wheaton, 122 ; 6 ditto, 134 ; 12 ditto, 213 and 379 ; 7 Cranch, 164.

And it is clearly settled that every alteration of a contract, however unimportant, even though it be manifestly for the interest of the party objecting to it, impairs the obligations of the contract within the meaning of the constitution. 13 Mass. Rep. 1, *Blanchard* v. *Russell* ; 8 Mass. Rep. 423, *Call* v. *Hagger* ; 7 Pick. 344, *Charles River Bridge* v. *Warren Bridge* ; 6 Pick. 440, *Kimberly* v. *Ely* ; 15 Mass. Rep. 447, *King* v. *Dedham Bank.*

Suppose the deed, made by Benjamin Miller, in this case, had been a grant to William and John Miller, to hold to them, and the survivor of them, and the heirs of the survivor. Would it be competent for any legislature to say that the land should not go to the survivor and his heirs but to the heirs of each ? Surely not. Does it, then, make any difference, whether this condition is expressed by the parties to the contract or by the law in force at the time when the contract was executed ? We suppose not. The laws in force at the time a contract is made, constitute a part of the contract. 16 Johns. 233 ; 13 Mass. Rep. 1.

In the third place, to apply this statute to the conveyance in question would be, to give it the character of a judicial act, in violation of the constitution of this state. A legislature cannot declare what the law is, but what it shall be. To declare what the law is, or has been, is a judicial act—to declare what the law shall be is legislative. 1 N. H. Rep. 199, *Merrill* v. *Sherburne* ; 7 Johns. 498, *Dash* v. *Vankleek* ; 4 N. H. Rep. 572

We are aware of the cases, *Shaw* v. *Hearsey* ; 5 Mass.

Rep. 521 ; *Holbrook* v. *Finney*, 4 Mass. Rep. 566 ; and Miller et a.
*Miller* v. *Miller*, 16 Mass. Rep. 59.  But we say, in the v.
first place, that those cases do not apply in this case, be- Dennett et a.
cause the constitution of Massachusetts does not prohib-
it the passing of retrospective laws ; and in the next
place we say, that, if they did apply, the reasons assign-
ed are not sufficient to sustain the decisions.  The rea-
son assigned in two of the cases, is, that the alteration
made by the statute is for the benefit of the persons up-
on whom it operates.  But, surely, the parties to a con-
tract are the only persons who are competent to deter-
mine whether the contracts they make are for their in-
terest or not.  The reason assigned in *Shaw* v. *Hearsey*,
is, that, as a joint tenancy may be destroyed by either
party at pleasure, it is to be presumed that such a ten-
ancy was not intended.  But the fact that either tenant
might destroy the tenancy, and did not, seems to be con-
clusive evidence that they preferred to hold as joint ten
ants.

*Hackett*, for the petitioners.

We deny, that the principle of survivorship was ever
adopted, in this state, as incident to a joint tenancy.
But, however that may be, even admitting that John
and William Miller were joint tenants originally, under
the deed, the statute of 1809 made them tenants in com-
mon.

It is said that the act of 1809, if applied to this case,
would be retrospective and repugnant to the constitution.
But thus applied, it does not possess any of those quali-
ties which the court say, in the case of *Woart* v. *Win-
nick*, 3 N. H. Rep. 473, and in the case of *Dow* v. *Nor-
ris*, 4 N. H. Rep. 18, constitute a retrospective law.  It
is not a law prescribing the rules by which existing caus-
es are to be decided, upon facts existing previously to
the making of the law.  It is not in the nature of a judi-
cial determination of the rules by which existing causes
shall be settled, upon existing facts.  It has been re-

Miller eta.
v.
Dennett et a.

peatedly decided, in Massachusetts, that a statute, having precisely the operation which we contend our statute had in this case, does not impair any vested right. 3 Pick. 360, *Annable* v. *Patch.*

RICHARDSON, C. J., delivered the opinion of the court.

It is said, in this case, on behalf of the respondents, that this petition cannot be sustained, because the petitioners have not actual possession, and a decision of the supreme court of Massachusetts is cited to sustain the proposition.

But it is held, in Massachusetts, that it is only where there is an actual ouster, or an exclusive pernancy of the profits, against the will of the others, that partition does not lie. And, even where there is an actual ouster, if the right of entry be not lost, an entry may be made, and then a petition for partition may be sustained, 14 Mass. Rep. 434 ; *Barnard* v. *Pope ;* 8 Pick. 376, *Liscomb* v. *Root.*

In this case it does not appear that the petitioners have ever been actually ousted, and among cotenants, the possession of one, is the possession of all, until an actual ouster is shown. There is, then, no legal foundation for this objection to the petition.

It is not doubted that John Miller and William Miller took as joint tenants under the deed. But the tenancy was changed, without doubt, by the statute of 1809, if the legislature had the power to change it.

It is said, on behalf of the respondents, that to give to the statute of 1807 the effect of changing a joint tenancy, created by a deed, then in existence, would be to give it the effect of a retrospective law, which is prohibited by the constitution.

We had occasion to examine the clause in the constitution which denounces retrospective laws, in the case of *Woart* v. *Winnick,* 3 N. H. Rep. 473 ; and we came to the conclusion that it was intended to prohibit the making of any law, prescribing new rules for the decision of existing causes, so as to change the ground of the action

or the nature of the defence. We still retain the same
opinion.

Is, then, the statute of 1809, in relation to the deed in this case, a retrospective law, for the decision of civil causes, within the meaning of the constitution?

We think it is not. In changing joint tenancies, created by deeds then existing, into tenancies in common, it furnished no new rule to govern the decision of any action then pending or of any cause of action. The statute, applied to the deed, in this case, would take away no vested right. Neither John nor William had any vested interest in the moiety of the other. The acquisition of the whole estate by survivorship, would have been in either nothing more than a hope or expectation, like the expectation of a child to inherit the estate of a parent. The statute, thus applied, operates upon an existing estate, but not retrospectively within the meaning of the constitution. It can no more be considered a retrospective law, than a statute altering the descent of intestate estates. It neither gives, nor takes away, any right or interest.

The application of the statute to a case where one joint tenant had actually taken the land by survivorship, at the time the statute was passed, and which is a case excepted from the operation of the statute, would be an instance of the very thing, which the constitution intended to prohibit. Thus applied, it would take away a vested right, make a new rule for the decision of existing cases, and would be in its nature an exercise of judicial power.

But it is further said, that this statute, applied to the deed in this case, is a law, impairing the obligations of a contract, within the meaning of the constitution of the United States.

We do not perceive this. The statute only changes a joint tenancy into a tenancy in common. The contract, which created the estate, is not altered or impaired. The

Miller et a.
v.
Dennett et a.

deed conveyed an estate in joint tenancy, and that estate must now be considered as remaining until the statute of 1809 changed it into a tenancy in common. Such a change did not impair the obligations of any contract in the deed, but merely made the grantees tenants in common from the time the statute took effect.

The estate, created by the deed, in this case, has been compared, in the argument, to a grant to two for life, remainder to the survivor and his heirs. But there is a most material difference in the two cases. There, the estate would be limited to the survivor by the express contract. Here, there was no contract in the deed, either express or implied, that the joint tenancy should continue, and the land go to the survivor and his heirs. If, in that case, the legislature could not enact that the land should go, upon the decease of one, to his heirs and to the survivor, without impairing the obligations of the contract—still it would not prove that the joint tenancy, created by the deed in this case, could not be changed into a tenancy in common, without impairing some contract in that deed.

*Judgment that partition be made.*