West Feliciana Railroad Co. *v.* Stockett et al.

WEST FELICIANA RAILROAD CO. *v.* SAMUEL STOCKETT et al.

The statute (Hutch. Code, 728) which authorizes the probate court to entertain bills of review, provides that the power shall be exercised "in the same manner and according to the same rules as the same are entertained by courts of equity," with the further provision that they may be entertained to interlocutory decrees, as well as to final decrees.

It is a settled rule in equity that, in order to justify a bill of review for newly discovered matter, it must be shown that it first came to the knowledge of the party after the time when he could have used it in the former hearing of the case :— *Held,* that this case, as made out by the bill, is not within the plain rule of equity jurisprudence in such cases, and does not show a sufficient ground for setting aside the report of the commissioners, and the order of confirmation by the probate court.

As a general rule, the high court of errors and appeals will not entertain objections which were not made in the court below; but it is incumbent on

West Feliciana Railroad Co. *v.* Stockett et al.

every party bringing his complaint into a court of justice to make out a sufficient ground according to the settled rules of law or equity, for the relief he seeks or for that which is awarded him; and this duty rests upon him before the defendant is called upon to make any defence against it.

The failure of a party to make defence cannot give to the plaintiff in an action a right, which, according to his own showing, he was not entitled to exercise under the established principles of law: — *Held,* that the *pro confesso* in this case could not supply the want of equity apparent on the face of the complainant's bill, and did not justify the final decree rendered in the case.

The party aggrieved in the court below had a right to have the decree examined by suing out a writ of error.

In error from the probate court of Wilkinson county; Hon. Francis Gildart, judge of the probate court of Wilkinson county.

On the 9th of December, 1848, a decree was rendered in the probate court of Wilkinson county, confirming a report of commissioners and referees appointed to examine and allow claims against the estate of Lorenzo D. Brown, which estate had been reported by the commissioner to be insolvent. The order or decree of the court confirmed the report of the referees appointed to examine the claim of appellant, which amounted to $34,179.67, debt and interest, the sum allowed by them, which claim had previously been rejected by the commissioners of insolvency on said estate.

On the 18th of October, 1850, the appellee, as administrator of the said estate of L. D. Brown, deceased, filed in said probate court a "bill of review," praying for a review of said decree and for general relief, &c. On the 22d of October, 1850, the plaintiff in error was regularly notified to answer the bill as appears by the citation and return of the sheriff; but the plaintiff in error filed no answer to said bill, and on the 8th of Jan., 1851, at the January term of said court, a decree of *pro confesso* was taken on said bill of review. On the 9th of January, 1851, at the same term of said court, on final hearing of the bill of review, a decree was rendered reversing, annulling, and rendering void so much of said decree confirming the report of the referees allowing said claim of appellant.

From said last decree or order of the probate court the plaintiff in error prayed a writ of error to this court.

West Feliciana Railroad Co. *v.* Stockett et al.

*H. F. Simrall* for appellant.

*Gordon, Posey,* and *Barber,* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill of review, filed by the defendant in error, in the probate court of Wilkinson county.

The bill alleges, that at May term, 1847, of that court, the plaintiff in error preferred a claim against Lorenzo D. Brown, the defendant's intestate, for the sum of $26,656.13, with interest, representing by petition that the claim had been presented to the commissioners appointed to audit claims against the estate, which had been duly declared insolvent, and had been disallowed, and praying that the claim should be submitted to referees for allowance; which prayer was granted, and referees appointed, at July term, 1847, and at November term, 1848, they returned their report allowing the claim, amounting, principal and interest, to $34,179.07, and the report was confirmed at December term, 1848.

In October, 1850, this bill was filed to review and reverse these proceedings, on the following grounds: The bill states that the foundation of the claim is a promissory note executed by the intestate to the railroad company, dated June 27, 1843, for the sum of $26,656.13, the consideration of which, to the amount of $14,133.35, was certain shares of the stock of said railroad company which Brown had purchased of one Johnson, and which, by agreement between all parties, were in the year 1844 surrendered to Johnson; that this sum should have been deducted from the amount of the aforesaid promissory note, leaving the balance due thereon on the 1st of November, 1843, $12,522.78. The bill alleges that the estate of Brown is not indebted in this balance, because the same is the result of illegal interest charged by said company upon the amount loaned the intestate. It is further stated, that the complainant had no knowledge of the facts alleged as showing the injustice of the claim at the time of granting the order appointing referees to report upon the claim, and that he has been

made acquainted with these facts since the order of reference was granted.

This bill was taken *pro confesso*, and upon the final hearing, the order of reference, the report of the referees, and the order of the court confirming it, were reversed and set aside. To this decree the present writ of error is prosecuted.

This being the case of a bill of review founded on the discovery of new matter since the decree sought to be reversed was rendered, the question which lies at its foundation is, whether the bill shows sufficient, according to the established principles of equity jurisdiction, to justify the reversal of the original decree.

The jurisdiction of the probate courts to entertain bills of review is conferred by the third section of the statute of 5th March, 1846, Hutch. Dig. 728, and is to be exercised " in the same manner and according to the same rules as the same are entertained by courts of equity," with the further provision that they may be entertained to interlocutory decrees as well as to such as are final, which was not allowable by the practice in courts of chancery.

Although the bill here prays a reversal of the order appointing the referees, the equity set up seems to be directed to the report of the referees and the order confirming the same, and no just ground is shown for setting aside the appointment of the referees. The equity set up appears to require nothing further than a readjudication by the referees. What ground, then, for setting aside the report and its ratification by the court, is presented in the bill ? The only allegation to this effect is, that the complainant had no knowledge at the time of the appointment of the referees of the matters of defence against the claim set up in the bill, and that he has come to a knowledge of them since the order of reference was granted. Taking this as admitted, as it must be by the *pro confesso*, it does not lay a sufficient foundation for a bill of review. It is well settled, that in order to justify a bill of review for newly discovered matter, it must be shown that it first came to the party's knowledge after the time when it could have been used in the former hearing of

the cause. Story's Eq. Pl. § 413; 3 Daniel, Ch. Pr. 1733, and the authorities cited in notes. In this case, although the complainant was ignorant of the grounds of defence to the claim at the time the order of reference was made, which is all that he alleges, yet the report was not made until the lapse of sixteen months from that time, and the order of ratification was not made until more than seventeen months had elapsed. For aught that appears in the bill, or is shown in the case, he was during this period of time fully aware of the defence now set up against the claim, and might have availed himself of it before the referees, or by objections before the court to the ratification of the report. It is manifest, therefore, that the case as made by the bill is not within the plain rule of equity jurisdiction in such cases, and does not show a sufficient ground for setting aside the report and order of confirmation, and consequently that the decree of the probate court to that effect is erroneous.

The next question is, what is the effect of the *pro confesso*, and can the defendant in the bill of review, after having made no objection to the sufficiency of it in the court below, have the final decree in the case reversed on writ of error.

It is true as a general rule, that this court will not entertain objections which were not made in the court below. But it is also undeniable, that it is incumbent on every party bringing his complaint into a court of justice to make out a sufficient ground, according to the settled rules of law or equity, for the relief he seeks, or for what is awarded him; and this duty rests upon him before the defendant is called upon to make any defence against it, and whether he make defence or not. If the proceeding rests solely on the plaintiff's own showing, and that fully appears of record, and is taken as admitted by the defendant, still it cannot be maintained unless the relief granted was such as was sanctioned by the facts taken as admitted, and the rules of law governing them. The failure of the defendant to make defence cannot give to the plaintiff a right which, according to his own showing, he was not entitled to exercise under the established principles of law. The *pro confesso*, then, in this case could not supply the want of equity

apparent on the face of the complainant's bill, and did not justify the final decree; and the defendant below, being the party aggrieved by that decree, had the right to have it examined on writ of error, and if found erroneous, to have it reversed.

We are, therefore, of opinion that the decree should be reversed and the bill of review dismissed.

SMITH, C. J., being interested, gave no opinion.