## MOSES BROCK *v.* SAMUEL EASTMAN.

### *Petition for partition.*

To sustain a petition for partition the petitioner must have some greater present interest in the premises than a mere right of entry. If the defendant's possession amounts to a disseizin of the petitioner, and the premises were never held by them together, a petition for partition cannot be sustained.

The petitioner had levied upon an undivided portion of the defendant's interest in a piece of land, which the defendant remained in possession of, denying the petitioner's right to any participation therein under his levy, *Held*, that the defend-

ant's possession of the premises was not such a seizin of them, as tenant in common with the petitioner, as would enable the latter to sustain his petition for partition.

PETITION FOR PARTITION, to which the defendant plead several pleas in bar, the first of which was that the defendant was seized and possessed of the premises referred to in his own right, " without that, that the said petitioner was, and is seized of any part thereof as tenant in common, as in his petition he hath alleged."

Upon the trial, it appeared that the defendant, on the 30th of December, 1850, was the owner of a piece of land, including the premises of which a partition was petitioned for, which, at that date, he mortgaged to Samuel A. and Thomas L. Tucker, with an exception in the following words, " saving always the homestead exemption in the same." The petitioner subsequently attached the premises on a writ in his favor against the defendant, upon which he subsequently obtained a judgment and took out an execution, which he levied upon the premises of which a partition was petitioned for. ·Various questions were raised in reference to the sufficiency of the petitioner's levy, the extent and meaning of the above exception in the mortgage, and the defendant's right to a homestead in the premises, which, under the decision of the supreme court, it becomes unnecessary to state more particularly. It also appeared that the defendant was the sole owner of the premises at the time he mortgaged to Tucker, and that he had always remained in the sole possession of the premises, claiming adversely to any title of the petitioner under his levy. The county court, June Term, 1855,—POLAND, J., presiding,—dismissed the petition, to which the petitioner excepted.

*R. McK Ormsby* for the petitioner.

That the petitionee claims to hold adversely is no bar to partition; *Aldis* v. *Burdick*, 8 Vt. 21; *Hawley* v. *Soper*, 18 Vt. 320.

*C. B. Leslie* for the defendant.

The object of the statute under which this petition is brought, is to turn an estate holden in common, and undivided, into one in severalty; and not to determine conflicting titles thereto. The petitioner has never been in possession, and the premises have always been held adversely to him. He should, therefore, have brought

ejectment; Co. Lit. 167, § 247; 7 Mass. 475; 13 Pick. 251; 9 Cow. 530; *Hawley* v. *Soper*, 18 Vt. 320; 1 Swift's Dig. 103.

The petitioner must have a present, actual possession; a mere *right* of entry is not sufficient; 9 Cow. 530.

The opinion of the court was delivered by

BENNETT, J. We think there is one point in the case which is fatal to the plaintiff's petition, and none other need be considered. The first plea puts in issue the seizin of the defendant, as tenant in common with the petitioner; and the exceptions find that the defendant was the sole owner of the premises at the time he executed his mortgage to the Tuckers, in 1850, and that he has ever since been in the sole possession of the premises, claiming adversely to the petitioner under his levy of execution. The object of the proceeding in a petition for partition is to turn an estate that is possessed in common into an estate in severalty, and not to furnish a mode of settling conflicting titles. It is a general rule that a petition for partition cannot be sustained on a mere right of entry. But there is a distinction between a mere possession of the plaintiff's share by a third person or by the defendant, and a legal disseizin. In cases where a *privity* has existed between the parties, as in the case of joint tenants, or tenants in common, and one tenant ousts his co-tenant, by taking the whole profits to himself, denying his co-tenant's right, such a possession may be treated as a disseizin, for the purpose of bringing ejectment; or, he may elect to treat such possession of his co-tenant as his possession, and, in that event, may maintain a petition for partition. See *Clapp* v. *Bromagham*, 9 Cowen 566; *Barnard* v. *Pope*, 14 Mass. 434; *Hawley* v. *Soper*, 18·Vt. 323. But it would seem, from the authorities, if the party in such a case is *effectually disseized*, they no longer hold the estate together, and he is barred of his remedy for partition; Coke Lit. 167; 5 Comyns 166; 1 Swift's Dig. 103. But the case now before us is one where the parties never held the estate together. There was no privity between them. The defendant held the whole estate from the time of the commencement of the plaintiff's claim *adverse* to him.

If the plaintiff's levy was valid, it could only give him a right of entry, and would not enable him to sustain this proceeding,

Judgment affirmed.