## W. A. BELEW *v.* LIZZIE JONES AND HUSBAND.

1. PARTITION. *Who entitled to. Sale therefor.*
    A person owning in fee-simple one part of a lot of land and the reversion in the other part, in which other part another person owns an estate *per autre vie*, the two parts being ascertained by metes and bounds, is not entitled, by proceeding under chap. 26 of the Code of 1871, "in relation to partition of lands," to a sale of the lot for a division of the proceeds thereof; because such owner of the fee-simple and reversion is not the joint tenant, tenant in common, or coparcener with the life-tenant as to either part of the lot, and as to one part thereof he holds a reversion, and sect. 1809, in the chapter of the Code referred to, limits the right of partition to "joint tenants, tenants in common, or coparceners," and denies it to "those who hold in reversion or remainder." The right to a sale of land for division of proceeds can only exist where there is a right to partition of the land itself.

2. SUPREME COURT. *Chancery practice. Effect of admissions in answer. Decree.*
    A decree in favor of the complainant, in a case where the allegations of the bill are admitted by the answer of the defendant, may be reversed and the bill dismissed, upon appeal to this court, notwithstanding the defendant's admissions, if it appears by the bill itself that the complainant was not entitled to any relief. In such case the bill is not aided by the answer, nor are the defects in the case cured by the decree.

APPEAL from the Chancery Court of Grenada County.

Hon. J. C. GRAY, Chancellor.

The case is sufficiently stated in the opinion of the court.

*A. H. Whitfield,* for the appellant.

1. The appellee, Mrs. Jones, was not entitled, under our statutes, to a partition of the lot described in her bill; and, upon the case presented by the pleadings, the Chancery Court had no jurisdiction except to dismiss the proceeding. Code 1871, sect. 1809; *Spight* v. *Waldron,* 51 Miss. 360; *Pine* v. *Crane,* 44 Miss. 577; *White* v. *White,* 16 Gratt. 264; 2 Ohio St. 213; *Striker* v. *Mott,* 2 Paige, 389; 1 Washb. on Real Prop. 681, note 3; *Brown* v. *Brown,* 8 N. H. 93; *Norment* v. *Wilson,* 5 Humph. 310; *Hunnewell* v. *Taylor,* 6 Cush. 476; *Tabler* v. *Wiseman,* 20 Ohio St. 208. The same principles apply whether the relief sought is a partition of land, or the sale of land and a division of the proceeds thereof. *Pankey* v. *Howard,* 47 Miss. 83; 2 Ohio St. 212; 4 Abb. 525; 3

Johns. 302; 17 Ves. 533. This proceeding being especially statutory, the terms of the statute must be strictly pursued. 1 How. 444.

2. Whenever the court discovers that, upon the case made by the pleadings, it has no jurisdiction to grant the relief sought, the bill should be dismissed. *Brown* v. *Bank of Mississippi*, 2 Geo. 454; *Lester* v. *Harris*, 41 Miss. 668; *Bell* v. *Tombigbee R. Co.*, 4 Smed. & M. 563; Story's Eq. Pl., sect. 10; *Vick* v. *Vicksburg*, 1 How. 440.

*Golladay & Freeman*, for the appellees.

1. The appellant having consented to the sale of the property, his objections thereto, made for the first time in this court, cannot be considered. The Chancery Court had juris diction of the subject-matter. Code 1871, sect. 1809; Acts 1875, p. 119.

2. " One tenant in common may hold his part in fee-simple, the other in tail or for life." 2 Cruise's Dig. 399, tit. 20, sects. 1, 2. The act of 1875 provides for a sale where partition cannot be equitably made. The appellant admitted the propriety of the sale, and admitted also the appellee's title.

SIMRALL, C. J., delivered the opinion of the court.

A bill in chancery was exhibited by Mrs. Lizzie Jones, for the sale of lot 85, in the town of Grenada, because partition of the same could not be made between herself and the defendant, William A. Belew.

She alleges that Belew became the owner of ten and two-thirds feet fronting on the public square, running back and east one hundred and four feet, by mesne conveyances from Martha M. Neil, who had a dower interest in that much of the lot.

In his answer, Belew admits that Mrs. Neil had a dower estate in part of the lot, corresponding in metes and bounds to the description of it given in the bill, and that this estate has vested in him by purchase and deed. With his answer the defendant exhibited a deed from Mrs. Neil, conveying her estate for life, as dowress, to Buffington, and a deed from

Buffington to himself; also a record of the recovery, by Mrs. Neil, of this part of the lot from Barksdale, in an action of ejectment.

The answer of Belew, in effect, admits the allegations of the bill as to the interests of the parties in the property. Really no issue of fact is raised. In that condition of the pleadings, on a submission of the case on the merits, the chancellor decreed that the property should be sold; and a reference was made to the master to ascertain and report the value of the estate for the life of Mrs. Neil, which was owned by Belew, reserving the partition of the money until that report should be made.

The theory of the law is, that if, " on account of the nature and condition of the lands, and the number of shares into which they must be divided, it is impossible to make partition, etc., and the commissioners shall so report, a decree of sale may be made, and the proceeds divided among those entitled." Code, sect. 1829. The " lands " to which this section has application are those owned by " joint tenants, tenants in common, or coparceners." Code, sect. 1809. If " these lands " are not susceptible of partition in the manner provided in the subsequent sections, then they may be sold, under sect. 1829.

Speaking of a statute, — the original, in substance, of the one now in force, — in *Vick* v. *Vicksburg*, 1 How. 444, 445, it was said : " The proceedings are special and statutory, and must be governed by the statute authorizing them."

The statute confines the remedy, either for " partition " or " sale," to those who are joint tenants, tenants in common, or coparceners of the land. Because lands thus held cannot advantageously be divided among the tenants, so that each may enjoy his part in severalty, the statute allows a sale, and division of the money. Therefore it was held in *Pankey* v. *Howard et al.*, 47 Miss. 83, that there must be a joint estate in the lands proposed to be divided or sold ; if otherwise, the statute does not apply.

In this case, there is neither unity of title or possession between Mrs. Jones and Belew. The latter has a freehold estate, *per autre vie*, in a part of lot 85, which is separated and distinguished from the residue of the lot by metes and measures. His possession is separate and exclusive. Mrs. Jones has a fee-simple estate in so much of the lot, and exclusive possession, as is not embraced in the life-estate. She may have a reversion after the termination of the life-estate, — a reversion to that part of the lot covered by that estate; but the remedy of the statute is expressly denied to those who hold in remainder or reversion. Code, sect. 1809, last clause. Mrs. Jones is in the enjoyment of the major part of the lot as tenant in fee-simple. She also has a reversionary fee in the residue of the lot. She applied for the sale of the entire property. The statute forbids the remedy as to so much of the lot as to which she has merely a reversionary interest; it denies it as to any part of the premises, because she is not a tenant in common, or joint tenant, of any part of it, either with Belew or any other person. *White* v. *White*, 16 Gratt. 264; *Spight* v. *Waldron*, 51 Miss. 360, 361; *Brown* v. *Brown*, 8 N. H. 93; 5 Humph. 310. The test of the right to a sale is, whether the parties could have partition of the particular tract. *Pankey* v. *Howard*, 47 Miss., *supra*.

It is manifest that this was not a case for the sale of the land.

But the defendant did not take the opinion of the court on the bill, by a demurrer; nor in his answer, as he might have done, did he specifically object to a decree of sale. The answer, as already remarked, was an admission of the allegations of the bill. The only question of any seriousness is, whether, in such a state of pleadings, he can object, in this court, that the complainant has not stated a case which entitles her to relief. That is the precise extent of the proposition; for the answer does not help out the bill, nor make a better or broader case for the complainant than she has made for herself.

In *West Feliciana Railroad Company* v. *Stockett et al.*, 27 Miss. 743, 744, it was held that a decree founded on a *pro confesso* of the bill must stand or fall on its allegations; that if the complainant did not state a case for relief, the confession of it, by a failure to contest it, did not impart to it any new or additional virtue, and the decree must be reversed. The analogy between that case and one where the answer merely formally admits the truth of the matters alleged in the bill is complete. In the one case, the *pro confesso* operates as a conclusive admission by the defendant; in the other, the defendant appears, and, by his pleading, makes the formal admission. In either case, when the chancellor comes to make his decree, he looks to the record, and grants relief, or not, on the case which it presents. The question before him is like that of "agreed facts," or "a special verdict," before the common-law judge. The facts are *conclusively ascertained*, and the judge pronounces the sentence of the law upon them. So, when the chancellor comes to make up his decree on a bill, and an answer which admits the matters of fact alleged in the bill to be true, he finds the facts conclusively ascertained, and the function which he performs is to declare whether the complainant is entitled to relief or not.

The verdict of the jury sometimes cures a defective case stated in the declaration; very large intendments are made to uphold it. But in chancery suits the decree is right or wrong, as the parties have made their case in the pleadings and proofs.

Decree reversed and bill dismissed.