WASHINGTON,
*March*,
1838.

HALL & CHASE *v.* J. & J. H. PECK, & Co.

Articles, left with an agent or factor for sale, may, when sold, be properly charged on book against such agent or factor.

In such case a demand is necessary before a right of action can accrue, and the demand must be made at the agent's or factor's residence, and a sufficient opportunity afforded him to make payment.

A demand made, in such case, after the date, but before the service of a writ against the agent or factor, when no cost for such writ is demanded, is sufficient.

The general usage and practice of the country is important in determining what is a proper subject of charge on book.

THIS was an action of book account, brought before a justice of the peace and carried, by appeal, to the county court, where judgment to account was rendered, and the case referred to an auditor, who reported, that the plaintiffs' account, which was for a quantity of cloth and footings, was allowed at $48,64, subject to the opinion of the county court on the following statement of facts, viz ;—

Up to some time in the month of July, 1835, the plaintiffs had been doing business, as traders, in Plainfield, Vt. under the firm of Hall & Chase, when they discontinued and sold out their stock to Hall, Dickinson & Co., who took possession of the store, formerly occupied by the plaintiffs, and have ever since continued business there. Neither of the plaintiffs has been connected with said firm, although the defendants testified (which was not contradicted,) that they supposed Chase was one of the firm. It was satisfactorily proved that the plaintiffs owned the property for which they seek to recover. In the fall of 1835, the plaintiffs delivered a quantity of cloth and footings to one Lampson, to carry into the state of New York, to sell, with instructions to leave with the defendants such part of the property, as he did not sell. Lampson accordingly left with the defendants the articles mentioned in said account, taking a receipt or memorandum, as follows, to wit ;—

" Received of Mr. Chase,

　　　　" 8 Rolls tow cloth,
　　　　" 3　" 　Frocking,
　　　　" 19 Pairs of Stockings.
" Oct. 9, 1835.

　　　　　　　　" J. & J. H. P. & Co.
　　　　　　　　" Per Theo. A. P."

This receipt was given by a small boy, a clerk in the employ of the defendants, without their knowledge. Some three or four weeks after this, the plaintiff, Chase, sent word by Lampson to the defendants, to sell said property and pass the avails to their credit.

WASHINGTON,
*March*,
1838.

Hall & Chase
*v.*
J. & J. H.
Peck & Co.

The defendants entered the goods, as received on account of Hall, Dickinson & Co. and had, prior to the commencement of this suit, sold all of said property except the footings,—which remained unsold. The avails of the property were credited to Hall, Dickinson & Co. by the defendants, as it was sold. The defendants had no knowledge that this property belonged to the plaintiffs, until the 24th of August, 1836, except what is to be inferred from said receipt, and all the knowledge they then had, was as follows ;—on that day Chase, one of the plaintiffs, sent one Curtis to Burlington, to settle for the above property ; who, on the same day, called on the defendants, and inquired if any cloth and footings had been left with them, by the plaintiffs, and was informed there had been. He then requested an account of the sales. The next morning, on calling for the account, he was informed that there had not been any articles left by Hall & Chase, but there were some left by Hall, Dickinson & Co. The receipt was not presented to the defendants, nor was it in his, Curtis', possession, but was in the hands of Chase, one of the plaintiffs. The writ in this case was dated the 19th day of July, 1836, was carried by Curtis to Burlington, and delivered to an officer, and served on the defendants, on the 25th day of August, 1836. No other demand was made on the defendants, except as above stated.

It was proved that, at the time the property was left with the defendants, they had no open account with the plaintiffs, but had with Hall, Dickinson & Co. Prior to this time the defendants had settled with the plaintiffs, and taken their note for a balance due them, on which note they had sued plaintiffs, before the 24th of August, 1836, and when Curtis started for Burlington, Chase, one of the plaintiffs, directed him to apply the avails of the above property on the above note. If the court should be of opinion that the plaintiffs are entitled to recover on these facts, in this action, the auditor found for them to recover $48,64, to balance

WASHINGTON,
March,
1838.

Hall & Chase
v.
J. & J. H.
Peck & Co. book accounts, unless the court should think they ought not to recover for the footings,which were not sold, the value of which was $3,17, which sum, in that case, was to be deducted.

The county court rendered judgment, upon the report, for the defendants, to which the plaintiffs excepted.

*James Bell*, for plaintiffs.

*L. B. Peck*, for defendants.

1. The plaintiffs have mistaken their remedy.

The action of book account can be supported only in those cases, where the right to charge existed at the time of the delivery of the property,or the performance of the services for which a recovery is sought. *Slasson* v. *Davis et al.* 1 Aikens' R. 73. The articles, for which the plaintiffs claim to recover, were never sold the defendants, but were deposited with them for sale; and, in no event, could the latter be made liable, if they conducted in good faith, for more than they received on a sale of the property. As between the plaintiffs and defendants, the title was in the former, and had the property been lost or destroyed, it would have been the plaintiffs' loss. The plaintiffs, then, never had the right to charge this property on book, and recover for it, in the present form of action. If the defendants, on a demand being made, should refuse to return the articles or account therefor, they would be responsible in another form of action.

2. Under the circumstances of this case, it was incumbent on the plaintiffs to call on the defendants for an adjustment of the account, previous to the commencement of this action. *Collins* v. *Benning*, 12 Mod. R. 444. *Topham* v. *Braddick*, 1 Taunton, 572. *Chadwick & Co.* v. *Divol*, Orange County, February, Term 1837. The propriety and necessity of the rule, requiring a *demand*, was never more apparent than in the present case. The defendants supposed the property belonged to the firm of Hall, Dickinson & Co., and that Chase was one of the partners, and, acting on this belief, they credited this firm with the avails of such portion of the property as was sold. To allow the plaintiffs to recover, under such circumstances, without even apprising the defendants of their mistake, would operate as a trap on the latter, and they wold be made liable to individuals, with whom, as they believed, they had no dealings. *Ferris* v. *Paris*, 10 Johns. R. 285. 1 Comyn on Con. 261.

The opinion of the Court was delivered by

PHELPS, J.—The plaintiffs seek, in this case, to recover for certain property left by them with the defendants, to be sold and disposed of by the latter, as factors or agents.

The action is book account, and the first objection to the plaintiffs' recovery is, that they have mistaken their remedy in suing in this form, when account, at common law, is the appropriate remedy.

This action, as adapted to book accounts, is a creature of the statute, which, after prescribing the mode of proceeding in the action of account, provides that the action may be sustained to recover a book debt.

The action of account at common law was perhaps of more extensive application than is generally understood. It has, however, with the exception of one or two of the New England states, fallen into general disuse, and in England has become in a measure obsolete; probably, because superceded by other more convenient remedies. Its place is supplied, in some measure,by resort to chancery jurisdiction, and, more extensively, by the action of assumpsit.

Account, charging the defendant as receiver, lay at common law, where money was received by him, to the use of the plaintiff. It lay in all cases, where the money, received from a third person, was the money of the plaintiff, and was received by the defendant to be accounted for. It lay, of course, against a factor or mercantile agent, who was both bailiff and receiver. In these cases it has been superceded by the action of assumpsit, which is now the usual remedy in simple transactions of the kind, and lies even against a factor to recover a balance of account, unless his transactions are too complex to admit of the mode of trial by jury. The action of account is, with us, concurrent, in a great variety of cases, with assumpsit.

In this case it is admitted, that account at common law would be appropriate; and it must also be conceded, that assumpsit for money had and received would lie against these defendants, for the avails of the property in question, when realized. It is insisted, however, that the action on book will not lie. The question then arises, whether account at common law, and account on book, are in any case

WASHINGTON,
March,
1838.

Hall & Chase
v.
J. & J. H.
Peck & Co.

WASHINGTON
March,
1838.

Hall & Chase
v.
J. & J. H.
Peck & Co.

concurrent remedies. That they are not so in all cases, is very apparent. But there is nothing in the nature of the two forms of action to forbid their being concurrent, where they are equally applicable to the subject matter of the claim. There are many cases, in which I apprehend the action on book account at common law, and assumpsit, would lie. A merchant takes the produce of his customer to market, and receives the avails. He credits these avails to his customer in account. Is there any question, that the balance might be recovered in the action on book ? So the merchant in the country transmits produce to his correspondent in market for sale. The property is sold, the avails received, and entered in account. Was it ever doubted that such a transaction could be adjusted in an action on book ? Yet, in both these cases, account at common law, or assumpsit, will lie.

The general usage and practice of the country is important, in determining what is a proper subject of charge on book. We understand it to be the general, if not the universal practice, to enter transactions of this kind upon book, and to adjust them in this way.

It is said, however, that to render a charge on book proper, the right to charge must exist, at the time the property is delivered. This is true ; but the right to charge may exist, although the party is not absolutely a debtor in relation to the subject. An item may be charged on book, by reason of the *accountability* of the party in respect to it. Whenever property is delivered, to be accounted for, upon a future adjustment of book accounts, it may properly be charged, although no right of action may exist at the time, but it may be charged, upon the ground of the accountability alone. We think, therefore, that the action on book is in this instance sustainable.

It is further objected, that the plaintiffs' action is premature, inasmuch as no demand was made upon the defendants, for the avails of the property, before suit brought. We think a sufficient demand was made before the writ was served. It is certainly true, that a factor or agent, transacting business of this character, for a principal abroad, is not liable to a suit for moneys of his principal in his hands, without a previous demand of payment ; and the reason is, that he is not

bound to follow his principal, to make such payment, but the place of payment would be the residence of the factor. But nothing more is necessary, than that a request to pay the money be made at the factor's residence, and a sufficient opportunity afforded him to make the payment. The only question arising on this point is, whether such demand is necessary *before suing out the writ.* We think not, for although the suing out the writ is, to some purposes, the commencement of the action,—as with reference to the statute of limitations,—yet the defendant is not subjected to costs until the writ is served ; and if an opportunity is afforded him to pay the debt before the writ is served, and without costs, it is all that can be reasonably asked.

An attempt is made to derive some advantage from the circumstance, that the defendants, by mistake, credited the proceeds of the property in the wrong account, and to the wrong person. If this mistake were attributable to the plaintiffs, something might possibly be made out of it, but as it is, we see no reason why a mere mistake of the defendants, in this particular, should prejudice the plaintiffs.

Judgment reversed, and judgment for plaintiffs on the report.

Collamer, J., dissenting.