HENDERSON GALLUP v. EDGAR C. MERRILL.

*Book Account. Principal and Agent.*

It is the duty of an agent, when the nature of the business of his agency requires it, to keep an accurate account of his payments and disbursements, and to render at all proper times an account thereof to his principal "without concealment, suppression or overcharge."

The neglect of an agent to render a specific and accurate account to his principal when required, is not a bar to an action in favor of the agent to recover a balance due him from his principal, but, as a matter of evidence, it raises a presumption against his claim.

BOOK ACCOUNT. It appeared from the auditor's report that the plaintiff was a drover and had been in the business of buying and selling cattle and sheep for several years; that about the 1st day of October, 1865, the plaintiff had a conversation with the defendant and one Page about purchasing sheep to put upon their farm to feed

for market, the plaintiff informing them that he was going to pur-
chase some for himself. On this occasion the plaintiff was requested
to make inquiry in Franklin county what they could be purchased
for. He did make inquiries, and wrote informing the defendant what
they could then be purchased for, but were advancing in price.
Receiving no reply, the plaintiff went and saw the defendant and
Page. Page gave up the idea of purchasing, but the defendant
arranged with the plaintiff to buy some for him ; met the plaintiff
next day and furnished him $1,500., and told the plaintiff to buy one
hundred and sixty store sheep, (to which the parties referred in the
former conversation,) if he thought it a good trade, and to buy him,
if he got the store sheep, two hundred wethers to feed, but if he did
not get the store sheep, to buy him from three hundred to four hund-
red wethers, not limiting the plaintiff as to price, but wanted good
ones. The auditor further finds that the plaintiff, about the 15th of
October, went to Franklin county to buy sheep for the defendant, and
some for himself, and bought, in all, five hundred and twenty-one
sheep, for which he paid $2,226.75, exclusive of expenses. The
sheep were collected and driven to Franklin. On the 2d of Novem-
ber, 1865, the plaintiff wrote the defendant that the store sheep had
been sold, but that he had bought five hundred wethers, which, he
said, were well bought, and requested him to send help to drive
them. On the arrival of the sheep (which were put in a pasture of the
defendant) the defendant looked at them with the plaintiff and asked
what they cost per head? The plaintiff informed him that he could
not tell ; that he had not figured it up, but somewhere about $5.05 to
$5.10 a head. The sheep were afterwards divided as nearly equally,
as to quality, as they could be by the parties, the plaintiff taking one
hundred and fifty, and the defendant taking the remainder, and at
the same time offering to take the whole.

In January, after, the defendant asked the plaintiff to come to his
house and bring a bill of the sheep, and they would settle. The
plaintiff soon after went to the defendant's house to settle. The
plaintiff had a piece of paper upon which he had the number of sheep
and the amount claimed as the cost of the sheep, including pay for
his time and expenses, viz ; $5.05 per head. The defendant said

that this was not such a bill of the sheep as he wanted; that he wanted the bill to state the names of the men of whom he purchased, and the price per head paid for each lot. The plaintiff said that he could not do this, and the defendant refused to pay his bill. The other facts found by the auditor sufficiently appear in the opinion of the court.

The defendant excepted to the report of the auditor. At the adjourned July Term, 1867, the county court, WILSON, J., presiding, overruled the exceptions and rendered judgment on the report for the plaintiff to recover $257.99. Exceptions by the defendant.

*Edwards & Dickerman, E. A. Sowles* and *Benton & Wilson,* for the defendant.

It is the duty of an agent to keep his principal informed of his doings, as agent, and to render to his principal true account. Story on Agency, §§ 331, 203, 207; 1 Story's Eq., Jurisprudence, § 462; *Clark* v. *Moody,* 17 Mass. 145; 1 Am. Lead. Cases, 694, 706, and cases there cited.

The duty of an agent to render an account and to keep his principal informed of his doings, as agent, is distinguished from the duty of the agent to pay over funds of the principal in his hands; in this, that it is his duty to render accounts to the principal without demand, and to transmit them to him at the principal's residence; whereas he is not bound to pay over funds only on demand, and the place of payment is his, the factor's residence. *Clark* v. *Moody, infra; Cooley* v. *Betts,* 24 Wend. 203; *Torrey* v. *Bryant,* 16 Pick, 528; *Schee* v. *Hassinger,* 2 Binney, 325.

The report in this case shows that the plaintiff never informed the defendant of the actual cost of the sheep, and never rendered him a true statement of the amount of his claim, although requested so to do.

The plaintiff was then in default of his duty as agent. He had not rendered a true account, as he was bound to do, and had rendered a false one, which was fraudulent conduct. The defendant insists that while the plaintiff was so in default, he could not maintain this action.

The sum claimed here, as found by the auditor's report, was not due from the defendant until after the plaintiff had performed his duty as agent—at least so much of it as was necessary to give the defendant information of what he was owing; until the plaintiff gave him this information, he had neither knowledge nor means of knowledge of the amount of his indebtedness. He could not pay it, nor settle it, nor adjust it in any form. The law cannot, certainly, allow a party to withhold from another, and that wrongfully, all means of adjusting a claim against him, and then maintain a suit *for not doing that which the wrongful act of the plaintiff himself has prevented the defendant from doing.*

If the court should be of the opinion that the action can be sustained, the plaintiff cannot recover for his time and expenses, because the plaintiff did not keep the property of the defendant apart from his own, but mixed them with his own in such a manner as to compel the auditor to approximate the amount of the plaintiff's expenses while in the employ of the defendant. Story on Agency, §§ 333, 334, 348 ; Story's Eq. Jurisprudence, § 468.

*H. S. Royce,* for the plaintiff.

The opinion of the court was delivered by

PROUT, J. The defendant claims in this case upon the facts, that the plaintiff was his agent in the purchase of the sheep he received upon a division of the entire lot the defendant drove to Charleston ; and that inasmuch as the plaintiff refused to render the defendant such an account as he required with respect to his purchases, expenses and disbursements in his employment, this action cannot be maintained. Conceding, that the relation between the parties with respect to that dealing was not that of debtor and creditor in the ordinary sense, but that of principal and agent, what effect is the refusal to render such an account to have upon the rights of the parties as involved in this action, and growing out of that supposed relation ?

The action is on book, and independent of the objection made, it is not disputed but that the claims existing between the parties, and

arising out of the plaintiff's employment to purchase sheep for the defendant, and partially with his funds, can be adjudicated in this form of action. It has been held by this court, that where articles have been left with an agent for sale, they may, when sold, be charged on book against the agent, and a recovery had therefor. *Hall et al.* v. *Peck et al.*, 10 Vt. 474. This action, however, involves other items of account, about which no question arises.

As to the duty of an agent, while acting for and on behalf of his principal, there can be no doubt. When the character and nature of the business in which he is employed requires it, he should keep full, accurate and regular accounts of all his transactions—of his payments and disbursements—and should render, at all proper times, an account thereof to his principal, " without suppression, concealment, or overcharge." This duty is incident to the relation, and arises from the nature of his employment. Ordinarily, if the agent omits his duty in this particular, in a court of justice a presumption arises against him. If his liability is in respect to sales of property, he may be presumed to have received the money therefor. The omission or neglect may involve a loss of interest on advances, or result in a liability to pay his principal any damages he may sustain thereby. And possibly, as in the case of a factor who sells merchandise for another, an implied promise exists to render an account when called upon for that purpose, and on refusal or unreasonable delay to do so, an action might be sustained for a breach of this implied promise. But it by no means follows that an agent upon the facts of this case could not maintain an action against his principal to recover a conceded balance due him growing out of the business of his agency. The report of the auditor shows that the plaintiff exhibited to the defendant a bill of the sheep purchased upon which he had the number and amount in figures, and claimed of the defendant five dollars and five cents per head as their cost, including his time and expenses. This was not sufficiently specific to satisfy the defendant. He required a bill particularly specifying the names of the men of whom the plaintiff bought the sheep, the cost per head of each lot purchased, and virtually refused to pay the plaintiff until such a bill was rendered. If he had a right to require such an account, the

HARVARD LAW SCHOOL LIBRARY

neglect of the plaintiff to render it could only affect the plaintiff unfavorably as a matter of evidence before the auditor, who, no doubt, gave the fact its proper effect, and took due care that the defendant did not suffer thereby. *Walker* v. *Norton*, 29 Vt. 229.

The auditor finds the actual cost of the sheep to be $4.75$\frac{7}{10}$. per head. He arrives at this result by allowing the plaintiff fifty dollars paid for expenses, and three dollars per day for nine days on his first trip to Franklin county in looking for sheep with a view of buying. This expense, &c., accrued before the defendant employed the plaintiff to buy for him. Upon these facts those items should have been disallowed.

Judgment of the county court reversed, and judgment on the report for the plaintiff for $175.99., with interest thereon from November 13th, 1865.