GEORGE M. KIDDER *v.* SOWLES & KINSMAN.

*Principal and Agent. Book Account. Trover. Assumpsit. Waiver. Demand and Refusal.*

If an agent appointed to sell mowing-machines through a season, under an arrangement that the machines in his hands unsold at the termination of the agency should be returned to the principal, refuse to deliver the machines thus unsold when reasonably demanded, he would be guilty of such breach of the contract as would render him liable in an action on the contract, and probably for a conversion of the machines in an action of trover, but he would not be liable for the price in book account.

It has been repeatedly decided that a party cannot recover, in the action of book account, for items for which he could not recover under the common counts in general assumpsit.

The defendants would not be liable under the common counts, because the machines had never been sold and delivered to them as their own property, nor had they converted them into money.

The conversion of the property can be waived and its value recovered under the count for money had and received, only where the property has been converted into money.

The plaintiff demanded one machine of the defendants when the hay season was only half through, and it was the only machine they had on hand. When the plaintiff made another demand for a machine, they offered the only one they had in their store, and upon that being refused, they offered to send for another which had been sent away to be sold, and get it the next day, which was as soon as they could get it. The other demands were not absolute, but qualified. *Held* that under the circumstances as detailed in the case, the defendants had not refused to deliver the machines on a legal demand.

BOOK ACCOUNT. The case was tried upon general objections to the auditor's report, at the September term, 1871, ROYCE, J., presiding. Judgment for the defendants on the report. Exceptions by the plaintiff.

The auditor reported in substance as follows : " In the spring of 1867, the plaintiff appointed the defendant, Kinsman, an agent for selling the Kniffen mowing-machines on commission. At the end of the season for selling machines that year, Kinsman had two machines on hand which he had been unable to sell. About that time he formed a partnership with the defendant, Sowles, under the name of Sowles & Kinsman. In the spring of 1868 the plaintiff appointed Sowles & Kinsman his agents for selling said mower for the season of 1868. March 2d, 1868, the plaintiff wrote to Kinsman, saying he accepted his terms on conditions, among which was the following: " In order to get out of it whole, must have none left unsold after haying: therefore you must order none but what you can sell. I shall expect those two on hand to be the first sold."

March 4th, 1868, Kinsman wrote to the plaintiff, in reply, saying he accepted the plaintiff's offer on the conditions that he should do all he could to sell the two machines left over the year before, and to have as few on hand as possible at the close of the season ; but he did not propose to bind himself to sell every machine he ordered, or to pay for those unsold at the close of the season. This letter was received by Kidder, but he made no reply thereto ; and the auditor found that the plaintiff must be regarded as having acquiesced in the terms and conditions thereof; that the defendants were to sell no other kind of mower that season ; that the two machines left over from 1867 were to be put on same footing as the machines sent in 1868, and defendants were to sell them first if they reasonably could, and were to reduce the num-

ber of machines furnished them as low as they could, and were to sell for cash, or short credit by good notes on interest; that the plaintiff was to take back such machines as remained unsold at the end of the season, and defendants to account for all machines sold. Under this arrangement, the defendants received from the plaintiff fourteen machines,— including the two left over from 1867 —the defendants paying the freight from Swanton to Alburgh, at which latter place the defendants resided and had their store. The plaintiff charged the machines to the defendants, on book, at the time they were forwarded to the defendants, and sent them a pamphlet of instructions. The defendants made all reasonable efforts to sell said two machines left over from 1867, before they sold any others, but were unable to sell them; and at the end of the season of 1868 they had sold all they had received except said two old machines and one other,— being three in all — which are still unsold and in the store-house of the defendants; and the plaintiff refuses to take them away — claiming that the defendants should pay for them. The plaintiff first made this claim when he called upon the defendants for a settlement, in September, 1868, but the defendants have always refused to pay for them. On the 6th day of April, 1869, the defendants tendered to the plaintiff the full amount due him for all the machines they had, except the three unsold as aforesaid, but the plaintiff declined to receive the tender, and the tender has ever since been kept good.

The only matter in dispute before the auditor, so far as said machines were concerned, was in respect to said three machines that were unsold. The plaintiff claimed that the defendants had so conducted in regard to said three machines as to make them their own, and that they were liable as purchasers of them in this form of action. This the defendants denied.

The auditor detailed the efforts that the defendants made to sell the two machines left over from the year before, and found that they made proper efforts to that end. The machines of 1868 were of an improved pattern over those of 1867. The unsold machine of 1868 Kinsman employed one Parker to sell in Grand Isle, as agent for the defendants, with the knowledge and consent

of the plaintiff. Parker tried to sell it, but failed because the parties trying it did not like its motion and owing to a defect in its construction, and then stored it.

On the 18th of June, 1869, the plaintiff made a written order on the defendants to deliver a Kniffen mower, on hand and unsold, that was imperfect, to A. Ormsbee, if in good order and had not been used more than half a day, evidently referring to said machine in Parker's hands at Grand Isle. Ormsbee presented the order to Kinsman on the same day, and Kinsman informed him they had no such machine on hand, but showed him a machine at the store, and told him he might have that, but he refused to take it. Then Kinsman informed Ormsbee that they had a machine at Grand Isle, and would send and get it, and have it there the next day, upon which Ormsbee said he could not wait, and so Kinsman did not then send for it. He referred to the machine which Parker had. The other unsold machine the auditor found that the defendants made reasonable efforts to sell, but failed, owing to its not having the improvements of the machines of 1868. On the 25th of July, 1868, the plaintiff wrote to the defendants, ordering them to send to him a machine for a customer. The only machine the defendants then had on hand at their store was said machine of the pattern of 1867. The defendants did not send it, as it had not the improvements of 1868. The defendants claimed before the auditor that as the hay season was not then more than half through, the plaintiff had no right to order a single machine out of their hands, and thus deprive them of their commission if they should succeed in selling it before the season closed, and that they were under no obligation to send it. No demands were made on the defendants for said machines, other than as above stated. The auditor found the value of each of said three machines, and submitted to the court to decide whether the defendants were bound to pay for either or all of them under the circumstances as detailed.

The auditor's report set forth other facts and claims of the plaintiff, but the disposition of the case by the court renders a statement of them unnecessary.

*Royce & Hall*, for the plaintiff, cited *Hall & Chase* v. *J. & J. H. Peck & Co.*, 10 Vt., 474 ; *Whiting* v. *Corwin*, 5 Vt., 451 ; *Hall* v. *Eaton*, 12 Vt., 510 ; *J. & J. Rogers* v. *Wheeler & Kathan*, 15 Vt., 431.

*Edson & Rand*, for the defendants, cited *Picket* v. *Piersons*, 17 Vt., 470 ; Story on Bail, p. 478, § 455 ; *Hickok* v. *Stevens*, 18 Vt., 111 ; *Flower Brook Manuf. Co.* v. *Buck*, 16 Vt., 290 ; *Gates* v. *Lockwood*, 27 Vt., 286 ; *Chadwick* v. *Divoll*, 12 Vt., 499.

The opinion of the court was delivered by

Ross, J. The facts found by the auditor show that the judgment should be for the defendants, unless they have made themselves chargeable for one or more of the mowing-machines which remained unsold at the termination of their agency. None of these machines have been sold and converted into money. The plaintiff claims that the defendants have rendered themselves liable for two of the machines in this form of action, from their refusal to deliver them when demanded by him. Assuming for the present that the facts found by the auditor establish a demand by the plaintiff, and a refusal to deliver the machines by the defendants, could the plaintiff charge and recover for such machines in this form of action ? If the defendants, after the termination of their agency, refused to deliver the machines when reasonably demanded, they committed such a breach of their contract as would render them liable in an action upon the contract, and probably for the conversion of the machines in an action of trover. If the facts found render the defendants liable to pay for the machines in an action of trover, can the plaintiff waive the tort, and charge the defendants with the price of the machines on book ? We think not. It has been repeatedly decided by this court that a party cannot recover in the action of book account for items for which he could not recover under the common counts in general assumpsit. The plaintiff's right to recover in such an action would be limited to the counts for goods sold and delivered, and for money had and received. He could not recover for the machines under the count for goods sold and delivered, as the facts

found conclusively establish that they have neither been sold nor delivered to the defendants, as their own property. Neither can he recover under the count for money had and received, as the defendants have never sold the machines, and received the money therefor, so that the defendants have not in their hands the price of the machines in money, which the plaintiff, by waiving the tort, may elect to call his own, and recover. The conversion of property can be waived and its value recovered under this count only where the property has been converted into money. Hence, on general and familiar principles it would seem that the plaintiff's right of recovery must be denied.

The plaintiff relies upon the case, *Hall* v. *Chase* v. *J. & J. H. Peck & Co.*, 10 Vt., 474, and insists that it is an authority showing that the two machines are properly chargeable and recoverable in this form of action. We think that the principles announced in the decision of that case are not at variance with the conclusion we have arrived at. In that case the goods left by the plaintiffs with the defendants to be sold, before the action was commenced, had been mostly sold and converted into money. The defendants resisted the plaintiff's right to recover, upon the ground, first, that the action should have been account and not book account ; and secondly, because the right to charge the defendants for the goods did not exist at the time the plaintiffs delivered the goods. The county court sustained these objections. The supreme court reversed the judgment of the county court, and gave judgment for the plaintiffs, but whether for the small balance of goods unsold at the commencement of the suit does not appear. The court rest their decision in answer to the defendants first objection, upon the ground that an action for money had and received would lie for the avails of the property in question. Every illustration used by the learned judge, in support of the decision against this objection, assumes that the property had been converted into money. The views expressed would seem to forbid a recovery for the goods which had not been sold. In regard to the second objection, the court held that the right to charge for the goods for *accountability* existed at the time of the delivery of the goods, and that that was sufficient, if before the

commencement of the action the defendants became absolute debt-
ors for the goods. No question was raised in regard to the plain-
tiffs' right to recover for the goods unsold, and the court did not
consider that question, but the reasons given for the decision would
exclude a recovery for such goods. We think, also, that the
facts found fall short of establishing that the defendants have
refused to deliver the two machines upon a legal demand. One
of the machines was demanded before the defendants' agency ex-
pired, and while the defendants could rightfully retain it. The
other demands were not absolute, but qualified and conditioned
in such a manner that the defendants were not bound to answer
them, excepting the one made at the defendants' store, in Alburgh,
for the machine then at South Hero. We think the plaintiff's
refusal to give the defendants time to go and get the machine un-
reasonable, and the defendants' offer to get and deliver the ma-
chine as soon as possible was all they were bound to do under the
circumstances.

The judgment of the county court is affirmed.