## VICTOR SEWING MACHINE COMPANY v. WEEKS.

### Book Account. Practice.

Plaintiff and defendant agreed in writing that plaintiff, upon defendant's request, should send defendant sewing machines to sell; that defendant should sell them and remit therefor within four months from date of shipment; that upon defendant's failure so to sell and remit, plaintiff might charge him with all machines not settled for, and that the amount so charged should be immediately due and collectible. Three machines were accordingly sent to defendant, but never accounted for; and in a little more than six months from date of shipment, plaintiff charged them to defendant, and advised him thereof by letter. In book account for the sum so charged, it was *held* that plaintiff had the right to treat the machines as sold to defendant at the time they were charged, and might recover in that form of action.
In order to reverse a judgment for the admission of illegal evidence, it must appear that the excepting party has been or might have been injured thereby.

BOOK ACCOUNT. The auditor reported that on June 4, 1875, plaintiff and defendant agreed in writing that plaintiff should send defendant such sewing machines, to a certain number, as he might require, to sell; that defendant should sell all machines so consigned to him under the agreement, and remit therefor within four months from date of shipment; and upon his failure so to sell and remit, that plaintiff might, at its option, at any time after four months from date of shipment, charge defendant with all machines not satisfactorily settled for, and that such amount or amounts should be immediately due and collectible on demand; that about June 7th, in pursuance of said agreement, plaintiff sent three sewing machines to defendant, which he duly received; that on December 17th, defendant having neither sold the machines nor settled for them, plaintiff charged them to him, and advised him thereof by letter, and called on him to pay for them before bringing this suit, but never made any demand therefor. The auditor further reported, that defendant claimed that the time for performance on his part had been extended, and introduced evidence upon that point, but that there had been no extension unless one might be implied as matter of law from plaintiff's neglect to charge the machines to defendant under the agreement, for more than two months after the expiration of the four months from date of shipment and to give notice thereof; that the plaintiff introduced one

Johnson, one of its agents, as a witness, who testified that he travelled in establishing and looking after local agencies, and that it was the uniform practice of plaintiff to send with each agreement entered into with an agent, a circular, dated and signed, stating, among other things, that no contract with any travelling agent or other employe would be binding upon plaintiff until approved in writing by plaintiff's manager; that defendant objected to the admission of that evidence; that defendant received such a circular with the agreement; and that defendant claimed that the action could not be sustained, and that plaintiff should have brought special assumpsit.

The court, at the September Term, 1876, ROYCE, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for the amount charged for the machines, to which defendant excepted.

*E. A. Sowles*, for the defendant, cited *Kidder* v. *Sowles & Kinsman*, 44 Vt. 304; *Slasson* v. *Davis*, 1 Aik. 73; *Barlow* v. *Read*, 1 Vt. 97; *May* v. *Brownell*, 3 Vt. 463, 469; *Hall & Chase* v. *Peck & Co.* 10 Vt. 474; *Hall* v. *Eaton*, 12 Vt. 510; *Wilkins* v. *Stevens*, 8 Vt. 214; *Linsley* v. *Lovely*, 26 Vt. 123.

*Edson, Rand & Edson*, for the plaintiff, cited *Wilkins* v. *Stevens*, 8 Vt. 214; *Hall & Chase* v. *Peck & Co.* 10 Vt. 474; *Rogers* v. *Miller*, 15 Vt. 431; *Tyson* v. *Doe*, 15 Vt. 571; *Carpenter* v. *Dole*, 13 Vt. 578.

The opinion of the court was delivered by

ROYCE, J.    The contract under which the defendant received the machines charged in the plaintiff's specification, provided that he should sell all machines consigned to him under said agreement, and remit for the same within four months from the date of shipment; and upon failure to sell and remit, the plaintiff might at its option at any time after four months from date of shipment, charge the defendant with all machines that had not been satisfactorily settled for, and that such amount or amounts should be immediately due and collectible.    The auditor has found that the machines charged were received by the defendant more than four months before the bringing of this suit; and had

never been accounted for by the defendant, and that payment for the same had been demanded.

Upon the foregoing facts, it is claimed that no recovery can be had in this form of action—that the action should have been assumpsit or trover. We think that under the contract the plaintiff had the right to treat the machines as sold to the defendant at the time they were charged to him on plaintiff's books. By the contract, defendant agreed that they might be so charged in the contingency named, and that the amount so charged should be due and collectible on demand. The case of *Kidder* v. *Sowles & Kinsman*, 44 Vt. 304, which is relied upon by the defendant as an authority, is not analogous to this. The defendants in that case received the property charged for, to sell on commission. There was no provision in the contract that allowed the plaintiff in any event to treat the property as sold to the defendants, and the property had not been sold by them at the time of the commencement of the suit. Hence the court held that the action would not lie.

It is said in *Hall & Chase* v. *Peck & Co.* 10 Vt. 474, that property may be charged on book by reason of the accountability of the party in respect to it, although no right of action may exist at the time. In this case the right of action existed at the time the charge was made.

It is claimed that the auditor erred in admitting the testimony of the witness Johnson. Admitting that the question of the admissibility of that testimony can be reviewed in this court, we see nothing in his testimony as detailed in the report that could affect the question of the defendant's liability. That portion of his testimony relating to plaintiff's practice in sending circulars to its agents, was wholly immaterial, for the reason that the circular sent to the defendant was no part of the contract. So, too, plaintiff's practice as testified to by that witness, in affixing dates and signatures to papers, had no tendency to prove or disprove any fact in issue between the parties; and the rule is, that in order to reverse a judgment for the reason that illegal evidence has been admitted, it must appear that the excepting party has, or might have been, injured thereby. Judgment affirmed.